(85 South. 567)

JOHNSON v. STATE.　(6 Div. 665.)

(Court of Appeals of Alabama.　Feb. 3, 1920.)

LICENSES ☞14(1)—COMMERCIAL MOTORCARS ALONE SUBJECT TO LICENSE TAX BY COUNTY.

Automobiles and motorcars used by the owner, for private use and that of his family, are not subject to license tax by a county, but are subject only to the license tax required by the state; but all automobiles and motorcars used for commercial purposes are subject to a license tax by a county.

Appeal from Circuit Court, Blount County; O. A. Steele, Judge.

T. H. Johnson was convicted of violating the road law of Blount county, and he appeals. Reversed and rendered.

The facts sufficiently appear, with the exception that it also appears that the auto truck was the property of the Blount Lumber Company, of which Johnson was president, and that the regular state and county license on said truck had been paid.

Allen & Fisk, of Birmingham, for appellant.

The defendant should have been discharged under the agreed statement of facts. Acts 1915, pp. 386 to 533; Acts 1915, p. 573.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The judgment of the court was proper, and should be affirmed. 77 South. 963; 118 Ala. 368, 24 South. 450, and acts cited by appellant.

BRICKEN, P. J. This prosecution originated in the county court of Blount county, and from a judgment of conviction in that court the defendant appealed to the circuit court, where he was tried by the court without a jury upon the following complaint, filed by the solicitor in pursuance to Code 1907, § 6730, to wit:

"The state of Alabama, by its solicitor, complains of T. H. Johnson, whose name is unknown otherwise than as above stated, that, within twelve months before the commencement

of this prosecution, he did use or. operate on, along, or over the public roads of said county an automobile truck or car operated by motor power, without having paid the vehicle license or vehicle tax as required by the rules, regulations, resolutions, or orders of the commissioners' court of said county, as passed and adopted by the court of county commissioners of Blount county, Alabama, which said truck or car was subject to said vehicle tax or license so adopted, and the defendant was liable to pay the same, before operating or using said car or truck on public roads without having paid said license."

The trial was had upon an agreed statement of facts, in which, among other things, it was agreed:

"That the above truck was not used for commercial purposes for any person for hire and reward."

It is insisted here that the court upon the evidence offered—that is to say, upon the agreed statement of facts—erred in rendering a judgment of conviction against the defendant. We are of the opinion that this contention is well taken, and our authority for this holding is the recent decision of the Supreme Court of this state in the case of C. E. Mills v. Court of County Commissioners of Conecuh County, 85 South. 564,[1] decided January 29, 1920, which holds that automobiles and motorcars used by the owner for private use and that of his family are not subject to taxation such as was levied under the ordinances here, but are subject only to the license tax required by the state; but all automobiles and motorcars used for commercial purposes are subject to such tax.

Therefore, under the authority of C. E. Mills v. Court of County Commissioners of Conecuh County, supra, it having been agreed that the truck operated by defendant was not used for commercial purposes, the judgment of conviction in the lower court must be reversed; and, as the case was tried by the court without a jury, upon an agreed statement of facts, which under the above opinion shows that appellant has been guilty of no offense, a judgment is here rendered discharging the defendant.

Reversed and rendered.