## WASSON V. CITY OF GREENVILLE.

### [86 South. 450, No. 21345.]

1. LICENSES. *Requiring license for operation of motor vehicles held within police power; penalty for operating motor vehicles without license held not unreasonable or excessive.*

   A municipal ordinance, requiring a license to operate motor ve-vehicles upon its streets and providing a maximum penalty of twenty-five dollars and three month's imprisonment, and a minimum fine of twenty-five dollars for a violation thereof, is not void for unreasonableness or excessiveness; the penalty impsoed being within the municipal legislative discretion and bearing a reasonable relation to the object sought to be accomplished, and such ordinance being valid as an exercise of the police power in promotion of the public safety.

2. LICENSES. *Municipal Corporations. Ordinance requiring license from motor vehicle drivers held valid police regulation; unreasonable parts of ordinance held not to invalidate remainder.*

   An ordinance, requiring a license for the purpose of prohibiting incapacitated or incompetent and reckless persons from driving motor vehicles upon the streets, in disregard of the public safety, is a valid police regulation, and the court by interpretation may eliminate an unreasonable part of an ordinance as an absurdity and uphold the other violated provisions.

3. LICENSES. *Fee of one dollar for license to drive motor vehicles held reasonable.*

   A license fee of one dollar charged motor vehicle drivers is merely incidental, and bears a reasonable relation to the expense and purpose of the ordinance, and is not a revenue measure; the state tax on each motor vehicle being for revenue for use of roads, and the municipal license fee being an incidental tax on the personal privilege to operate a motor vehicle in its streets.

4. MUNICIPAL CORPORATIONS. *Person convicted under valid part of ordinance cannot question validity because other part void.*

   The validity of an ordinance cannot be questioned by a person convicted under that part which is valid, because a different provision of it is void, where the void provision is separable, and may be struck down, and the other parts of it upheld.

APPEAL from circuit court of Washington county.

HON. H. H. ELMORE, Judge.

Ben F. Wasson was convicted of violating a city ordinance, and he appeals. Affirmed.

*Wasson, Pritchett & Nelson,* for appellant.

This is a case wherein the appellant was convicted on a charge of having violated section 60 of chapter 9 of an ordinance adopted and approved by the city council of the city of Greenville, Mississippi, on the 4th day of June, 1918, a printed pamphlet containing the ordinance is filed with the record in the case as a part thereof.

At the trial of this case in the court below, a jury was waived, and the case tried on an agreed statement of facts, the agreed statement of facts being fully set out in the record, and the judge having heard argument of counsel, rendered a judgment sentencing appellant to pay a fine of twenty-five dollars and costs. From said judgment, this appeal is prosecuted, and we will endeavor to demonstrate, as briefly as possible, first that said section 60 of said ordinance is void because of unreasonableness; second, that it is void because the restrictions imposed by the ordinance is an attempted misuse of the police power; third, because the alleged license fee required by said ordinance is, in reality, a revenue measure; and fourth, that it is void because it conflicts with the prohibition of chapter 116 Laws of 1916 (Hem. Code, p. 5788).

We have no criticism to make of the major portion of the ordinance. We think that the greater part of it is meritorious, particularly chapter five entitled Rules of the Road. There can be no doubt that the enforcement of this part of the ordinance would tend to reduce to a minimum the hazards of congested traffic and the chance of disaster. It appears that this part of the ordinance is most important. Its regulations should be rigidly enforced with the single view of eliminating distressing accidents, but what penalty is visited upon one who shall have been convicted of having

violated these rules. Page 64, of the chapter 9 of the ordinance provides: "any person found guilty of violating any of the preceding sections except section 69, shall be guilty of a misdemeanor, and be subject to a fine of not less than one dollar nor more than one hundred dollars. Page 64 of chapter 9 *supra,* further provides, in the words of the ordinance: "and any person found guilty of violating the provisions of section 60 shall be guilty of a misdemeanor and subject to a fine of not less than twenty-five dollars or imprisonment not to exceed ninety days . . . or to both such fine and imprisonment. This is manifestly an excessive penalty for the violation of said section 60.

Is a failure to procure a license before driving an automobile upon the streets of a municipality an offense of such gravity as to merit the imposition of a term of imprisonment, much less, a minimum fine of twenty-five dollars, or both imprisonment and fine? We maintain that the fine provided for this offense is manifestly excessive, and in direct conflict with page 28 of the constitution of 1890.

Still confining our discussion of the ordinance to the feature of unreasonableness, we point to the fact that nowhere in the entire ordinance is a distinction made as to the use of the streets of the city of Greenville by residents and nonresidents of the city. A person residing just beyond the corporate limits of the city or residing in another part of the county, or in a distant part of the state, if the court please, is just as amenable to the provisions of the ordinance as is a persons residing in the heart of the city. An ordinance is not susceptible to the same elastic interpretation and liberal construction as are the rules of the common law, *lex scripta est,* and as it is written, so must it be enforced, and in the enforcement of this ordinance, nonresident persons driving automobiles upon the streets of the city of Greenville must comply with all the "Rules of the Road." They must observe the precautionary measures prescribed for the purpose of safety, and, by the same token, because that provision of the ordinance requiring them to procure a license is as much a part of the

ordinance as are the Rules of the Road, they must, before driving an automobile upon the streets of the city, procure prescribed license and pay therefor the sum of one dollar. If the city of Greenville has the inherent right to enforce such an ordinance, it follows that every other municipality of the state of Mississippi has the same right to require a transient within its borders to procure and pay for a similar license. An extended journey in an automobile over the state, the intinerary including municipalities enforcing such an unreasonable ordinance, would be an undertaking or prohibitory expense and time. We submit that this provision is not susceptible to the rule of reason.

The trend of city councils to rely upon the discretionary enforcement of unreasonable ordinances for the purpose of smoothing away. an abrasive surface is very thoroughly condemned by CALHOUN, J., speaking in the case of *Laurel Improvement Co.* v. *Rowell,* 36 So. 543.

There is implied in every delegation of power to a municipal corporation a condition that the power must be exercised reasonably, and that therefore every unreasonable ordinance is *ultra vires,* and the court, in treating it as null and void, merely enforces the legislative will and principles of policy embodied in it. Freund on Police Power, 63, cited in *Johnson* v. *Philadelphia,* 94 Miss. 34, 47 So. 526; 19 L. R. A. (N. S.) 637.

This ordinance imposes a license, and an alleged license fee upon the individual, the driver of an automobile, *in personam,* so to speak; it is not required of, nor imposed upon, the automobile itself, and we deny that the municipality has the power, much less the right to deprive one of the right to use his property for the purpose for which it was intended, if in the use of the property, he is prudent and cautions, and violates no rule of the road, or of traffic, and provided he has the capacity to use his property in the manner, and for the purpose for which it was intended.

We admit that the municipality has the power to regulate the use of its streets by automobiles; to prohibit incapacitated persons from driving automobiles upon its

streets and to provide proper and reasonable rules of the road, but we emphatically deny that the municipality has the power to arbitrarily deprive one of reasonably, prudently and legitimately exercising his property rights; and we further deny that the city clerk, as provided by the ordinance, is for many reasons too numerous and obvious to here set out, a competent and proper officer to pass upon the physical and intellectual capacity of an applicant for a license. Under the provisions of the ordinance, the city clerk is vested with the arbitrary power to decline to issue a license to an applicant, and the rejected applicant is not, by the term of the ordinance, vested with the right of appeal from such rejection.

Addressing ourselves now to the feature of the alleged license fee, whatever power the city of Greenville, Mississippi, may have to license and tax the privilege of driving an automobile, a pleasure car, not necessarily being driven by its owner, is derived from the forty-first clause of the amended charter of said city which is as follows: "To levy and collect a license tax upon, and regulate all callings, trades, professions and occupations conducted, pursued, carried on or operated within the limits of the city, and also to license, tax and regulate steamboats or other water crafts landing or trading in front of said city, or within one mile above or below the corporate limits of the city, the same not to exceed the amount of the state license tax levied upon the same calling, trades, professions and occuptions; and also to license and tax any other privileges and occupations not taxed by the state in an amount not exceeding one hundred dollars."

Driving a pleasure automobile upon the streets of the city of Greenville is certainly not a calling, trade or profession within the meaning of the above provision; it is a privilege granted by the legislature upon payment by the licensee of the privilege license tax required by law. Chapter 93, Laws 1916, (Hem. Code, section 5754) as amended by chapter 161, Laws of 1918. *State* v. *Lawrence,* 108 Miss. 291, 66 So. 745. The privilege of driving an automo-

bile upon any public road of Washington county or of the city of Greenville, or of the state of Mississippi, having been taxed by the legislature, the municipality is without the power to impose an additional license tax upon it.

We respectfully show that, in the verbiage of the ordinance—said license fee is charged for the purpose of bearing the cost of original examination, chapter 9 p. 60 of the ordinance complained of.

It is well established that a license fee may be properly charged for the purpose of enforcing a valid police regulation, but the police power cannot be resorted to for the purpose of deriving revenue. *Jackson* v. *Newman,* 59 Miss. 385; 42 Am. Rep. 367; 17 R. C. L. 59. The ordinance provides that said license fee is charged for the purpose of bearing the cost of original examination, and it will be seen from a comparison of the ordinance with the agreed statement of facts in the case, that it is exceedingly difficult to ascertain just what the real purpose of the license fee is. As a license tax imposed under a valid police regulation, which we challenged, it is grossly excessive, and we again cite the court to the case of *State* v. *Lawerence, supra.*

Contemplating now the final feature of the case, we submit that the alleged license fee is directed solely at the driver of an automobile, and not at the automobile itself. It is immaterial whether a person owns an automobile; if he is desirous of driving a borrowed car, under the provisions of the ordinance, it would be necessary that he first procure the prescribed license. This test very throughly demonstrates that the license is required of the driver, and not of the car, and the question here is whether, or not the ordinance is in violation of chapter 116, Laws of 1916 (Hem. Code, section 5788), which provides: local authorities shall not pass any ordinance by law or resolution, in violation or in conflict with any of the provisions of the act; provided however, that nothing contained herein shall curtail or abridge the right of the local authorities to enact ordinances, resolutions or by-laws, or prescribe rules and regulations affecting motor vehicles which are offered

to the public for hire and to maintain and enforce the same.

This section applies to the automobile statutes of the state as embodied in chapter 143, Hemingway's Code, entitled Motor Vehicles, and is to be considered in connection with chapter 93, Laws of 1916, Hemingway's Code, section 5754, as amended by chapter 151, Laws of 1918, which said law levied an annual privilege tax upon motor vehicles on a graduated scale for the privilege of using the public roads, and the amendment to said law (chapter 61, Laws of 1918), provides the payment of this tax in one county shall be good for the entire state, until the first day of the following January.

It will be further noted from the agreed statement of facts in this case that the defendant, at that time, and prior thereto, held a road and bridge privilege tax license provided for by section 5759, of the Hemingway Code, issued to him by the tax collector of Washington county, Mississippi, on the 30th day of January, 1919, for which he had paid the sum or eight dollars and forty cents, and we insistently urge that by virtue of this said privilege tax license, appellant had, at the time of his arrest, the undisputed right to drive his motor vehicle upon any public road in Washington county, and of course over any public road in the city of Greenville, or if the court please, over any public road in the state of Mississippi. Chapter 161, Laws of 1918; *State* v. *Lawerence, supra.*

The privilege license for driving motor vehicles upon public roads of the county, or state, although based upon the horsepower of the individual motor, is not a license upon the car itself, but is a privilege granted to the owner thereof for driving the car, and this point is very clearly settled in the case of *State* v. *Lawerence, supra.* The license required by the ordainance in question as hereinabove demonstrated, confers a privilege upon the driver of a car; by no logical interpretation can the tax be said to be directed at the automobile itself, and we urge that here we have a clear violation or conflict, if the court please,

between chapter 116, Laws of 1916 (Hem. Code, section 5788), and the ordinance complained of.

We submit that the ordinance is void for the reasons stated, and that the judgment of the circuit court should be reversed.

*Humphreys & Anderson,* for appellee.

We will state the appellee's theory of this case as briefly and succinctly as possible, taking up no more of the court's time than we regard as necessary to a proper statement of that theory.

There are but two questions of law presented in this case, namely: May the corporate authorities of a municipality impose a license upon the drivers of all motor vehicles operated upon its streets, whether driven for pleasure or commerce?  Is the license imposed by section sixty of the ordinance in question a reasonable one?

The appellee does not now and has never attempted to uphold the validity of this ordinance under its taxing power—its power to raise revenue.  The validity of this ordinance depends entirely upon the police power of the municipality, and it is from the authority granted the appellees by that police power and upon that authority alone, that the appellee seeks to uphold the validity of this ordinance.

That the municipality not only has the right but has the duty imposed upon it of safeguarding the property and the lives and limbs of those within its borders, we take it is a rule of law too plain and too wholesome to require its discussion.  The police power is granted to municipalities to enable them to adequately perform this duty.  It cannot be defined.  The powers conferred by it must not be unreasonably expanded, nor must they be unreasonably restricted.  It is as broad as the necessity for its use.

The city of Greenville operates under a separate or special charter, but section 3441, Code of 1906, Hemingway's Code section 6001 makes the police power as granted

to municipalities operating under the Code chapter applicable to special charter municipalities as well as those operating under the code. Section 3441, Code 1906; Hemingway's Code, section 5826, entitled Police Regulations, provides: "The mayor and board of alderman of every city . . . shall have power to make all needful police regulations necessary for the preservation of the good order and the peace of the municipality; and to prevent injury to, destruction of, or interference with, public or private property . . ."

Section 17, paragraph 20, of the amended charter of the city of Greenville, Mississippi, provides: "The city council of Greenville shall have power to exercise full jurisdiction in the matter of streets, sidewalks, sewers etc."

"Full jurisdiction comprehends the doing of everything necessary to the development of the convenience and safety of the streets." *Edwards Hotel & City R. Co.* v. *City of Jackson,* 96 Miss. 547, 51 So. 802. The imposition of a license under the police power is everywhere upheld. The license, however, must tend to promote the public health, morals, safety, comfort or welfare or to suppress disease. See 17 R. C. L., section 59, page 543.

An ordinance regulating the drivers of automobiles, and registering them and issuing a license to them certainly tends to promote the public safety and comfort and welfare. The appellant attacks the validity of the ordinance because it is not a valid exercise of the police power for the reason that the license imposed results in revenue to the municipality. The court will not be confused by appellant's juggling of figures in the statement of facts; the license imposed is one dollar and all of appellant's manipulations of the figures do not increase it. The license is still only one dollar.

Revenue may incidentally result from an undisputed exercise of the police power. Indeed such is usually the result of police regulations. But that fact does not divest the regulation of its police character and render it an exercise of the taxing power 17 R. C. L., section 59, page 453.

The ordinance in this case shows that the license is imposed to cover the expense incident to its issuance.  This does not mean that the amount collected under it must, with mathematical accuracy, correspond to the amount expended because of it.  It is entirely proper to take into account not only the expense of direct regulation but also the incidental consequences of enforcing the regulation. 17 R. C. L., section 56, page 539, *Ex Parte Smith,* 231 Mo. 111, 132 S. W. 607; *Brewster* v. *City of Pine Bluff,* 65 S. W. 934; *Jackson* v. *Washington Newman,* 59 Miss. 385; *Pitts* v. *Vicksburg,* 16 So. 418.

From the above, we feel that we are surely justified in saying that had it been apparent, as it is in this case, that the fees required were for the purpose of paying the cost of the labor and material in issuing the license, the court would have upheld the ordinance as a valid exercise of the police power.  We shall henceforth confine ourselves to the proposition that this ordinance is in conflict with chapter 93, Laws 1916, Hem. Code, section 5754, as amended by chapter 161, Laws of 1918.

The part of the motor vehicle laws of the state brought into the discussion of this case is that part levying an annual privilege tax on motor vehicles, and the section reading as follows:  Local authorities shall not pass any ordinance, by-law or resolution, in violation or in conflict with any of the provisions of this act; provided, however, that nothing contained herein shall curtail or abridge the right of the local authorities to enact ordinances, resolutions or by-laws, or prescribe rules and regulations affecting motor vehicles, which are offered to the public for hire and to maintain and enforce the same.

Now, in order to make this ordinance void because of the motor law of the state, or to speak more accurately in order to make section sixty of the ordinance, imposing the license on the drivers of motor vehicles, void because of the state law, that section must be shown to be in violation or in conflict with some provisions of that law. The appellant seeks to do this by showing that it is in conflict with the

privilege tax section, thereby failing or refusing to see or recognize the theory of the appellee in his effort to uphold the validity of this section.

As heretofore stated, the appellee does not base the authority of the municipality to enact and enforce this ordinance upon its taxing power or upon its power to levy privilege taxes upon trades and callings, but bases it solely upon its police power authorizing it to make all reasonable regulations to preserve the life, limb and property of those within its borders, and certainly the motor laws of the state of Mississippi do not divest it of that most necessary right. And the section of the ordinance in question, tending as it does to promote the safety of the residents of the municipality and of the stranger within its gates, is not in any particular in violation or in conflict with any of the provisions of the state law. The privilege tax law of the state levies a tax for the purpose of raising revenue, and that is quite clearly shown by the manner in which the amount of the tax is computed and by the case of the *State* v. *Lawrence,* 66 So. 745, quoted by appellant in his brief. There you have a tax, levied for the avowed purpose of raising revenue. Here we have what, lacking a better term, we call a license, which license is exacted not for the purpose of raising revenue but for the purpose only of giving a better police survelliance over the reckless and careless driving of motor vehicles over the streets of the municipality. The fee of one dollar charged for the issuance of this license, we believe is an irrefutable answer to any argument purporting to construe it into a tax. Suppose for instance, there was no charge made for the permit, would appellant then contend that the ordinance was void? We think not.

The end sought to be obtained by requiring this license is, to put a stop, as near as that is possible, to the reckless and careless driving of automobiles, most of which are pleasure cars, over the streets of this municipality, and thereby make these streets safer for use by pedestrains and those who use them with the proper regard for the safety

and comfort of others.   The imposition of a fine for careless driving often fails of its purpose.   More often than not that fine is paid by one other than the offender.   The most practical and efficacious method of putting a stop to this wanton practice is to revoke the license and thus forbid, for the time being, the use of the street to the offender for the purpose of driving an automobile.

Section 5772, Hemingway's Code, provides: "No municipality, levee district, board or drainage district shall impose a privilege tax or registration fee upon any motor cycle, electric motor vehicle, commercial motor vehicle or motor vehicle, and shall not require any registration of the same.   The ordinance in question does none of this as will, of course be observed, by the reading of it.

The right to use the public highways for which the state license is issued can mean no more than the right to use them, and particularly the streets of a municipality built and maintained by the municipality, and over which the legislature has granted to the municipality, the full jurisdiction, subject to all reasonable regulations imposed tending to the safety of the public.

We submit that the ordinance is valid for the reasons stated, and that the judgment of the circuit court should be affirmed.

HOLDEN, J., delivered the opinion of the court.

This is an appeal presenting a case wherein the appellant was convicted on a charge of having violated section 60, chapter 9, of the Ordinances of the city of Greenville.   The material parts of sections 60 and 64 of said ordinance are here set out:

"No persons shall operate a motor vehicle upon the streets of the city of Greenville until he shall have obtained from the city clerk a license for such purpose. But no such license shall be issued until said clerk is satisfied that the applicant is over the age of fourteen years and is competent to operate such

motor vehicle. If any applicant for such license possesses any physical defect which might affect the operation by him of a motor vehicle the said clerk may require such applicant to show cause why a license should be granted him, and may require such applicant to demonstrate personally that, notwithstanding such defect, he is a proper person to operate a motor vehicle. In determining the fitness of an applicant to receive a license the said clerk may require the applicant to pass an oral or written examination on motor laws of the state, the traffic laws of the city of Greenville, and on the mechanism of the car to be operated. The license issued shall state the name, place of residence and post office address of the licensee and the number assigned to him, and such other matter as said clerk may determine. Such license shall expire at midnight on the 30th day of July of each year, and shall be carried by the licensee when operating a motor vehicle upon any highway of the city, and shall be subject to examination upon demand by any proper officer. Before receiving such license the applicant must pay the city of Greenville the sum of one dollar, which said license fee is charged for the purpose of bearing the cost of original examination."

It is provided by section 64 that: "Any person found guilty of violating the provisions of section 60 shall be guilty of a misdemeanor and subject to a fine of not less than twenty-five dollars, or imprisonment not to exceed ninety days, or to both such fine and imprisonment."

The case was tried and decided by the lower court on the following agreed statement of facts, to-wit:

"By agreement of the attorney for the city of Greenville, and the defendant herein, a jury trial is waived by the defendant in this cause, and the cause shall be heard by the judge upon the record therein, and the following agreed statement of facts:

"The defendant admits that on the 12th day of June, 1919, he was driving an automobile upon the streets of said city, which automobile was owned by him and used as a pleasure car for himself and family, and that he had not

procured the license to drive the car required by section 60 of an ordinance of the city of Greenville, adopted on the 4th day of June, 1919, by the city council of said city, and which was in force on June 12, 1919.

"That the defendant at that time and prior thereto held road and bridge privilege tax license provided for by section 5759 of Hemingway's Code, issued to him by the tax collector of Washington county, Mississippi, on the 30th day of January, 1919, for which he had paid the sum of eight dollars and forty cents; that the city of Greenville had expended not exceeding twenty-five dollars for printing license cards provided for in said ordinance; that the said city of Greenville had collected during 1919 about six hundred dollars for license fees for the privilege of driving an automobile under the provision of said ordinance; and that it is estimated that, if all persons in the city of Greenville who drive automobiles should pay the fee of one dollar the revenue to the city would be at least two thousand dollars.

"It is further agreed that the city had shortly prior to June 12, 1919, employed an extra policeman as a special traffic officer at a salary of one hundred and twenty-five dollars per month, and had purchaser for the use of said traffic officer a motorcycle at a cost of two hundred and fifty dollars; that the salary of the city clerk had recently been increased twenty-five dollars per month. But it is not agreed that the employment of said traffic officer and purchase of said motorcycle and increase of salary of said city clerk, are proper charges to be considered in connection with the license provision of said ordinance."

The appellant contends that the conviction can not be maintained because the city ordinance is void, and assigns several reasons for this position: First, that said section 60 of the ordinance is void because of unreasonableness; second, because the restrictions imposed by the ordinance are an attempted misuse of the police power; third, because the alleged license fee required by said ordinance is, in reality, a revenue measure; and, fourth, that it is void because it conflicts with the prohibition of sections 5759 and

5788, Hemingway's Code, and section 15, chapter 111, Acts of 1920.

On the opposite side, the city of Greenville argues that the position of appellant is unsound because: First, the license regulation imposed by said ordinance is a reasonable one; second, that the corporate authorities of the municipality have a right under the police authority to impose a license upon the drivers of all motor vehicles operated upon its streets.

We shall briefly refer to and discuss the contentions presented by the appellant. First, is the ordinance void for unreasonablness, because it authorizes a minimum penalty of twenty-five dollars, and a maximum penalty of ninety days' imprisonment and a fine of twenty-five dollars, for its violation? It is argued by counsel for the appellant that such penalty is manifestly excessive and violates section 28 of the Constitution of 1890, and that it is so excessive and harsh as to be unreasonable in relation to the offense, where the offender has failed to secure the license or has inadvertently failed to carry it on his person for examination on demand by any proper officer.

We must disagree with counsel for appellant on this point. We think that, while the penalty imposed for the violation of the ordinance is rather severe, yet the evil intended to be remedied is such that the legislative discretion and wisdom of the city council cannot be said to have been grossly abused. Legislative discretion in fixing penalties is to have the widest latitude. The safety of the public requires that the dangerous motor vehicle be operated by competent and safe operators. Motor vehicle drivers, who operate their vehicles in an incompetent and dangerous way, are a menace to the safety of the public, and, in order to protect the public and minimize such evil, the municipal government acts within the bounds of reason when it imposes a severe penalty upon drivers who violate the ordinance in question. In our judgment, the penalty prescribed bears a reasonable and just relation to the object sought to be accomplished by the ordinance.

As to the second contention of appellant, we do not think the ordinance is an attempted misuse of the police power. The purpose of the ordinance is to prohibit incapacitated or incompetent and reckless persons driving motor vehicles upon the streets in disregard of the public safety, and the requirement of a license is a police regulation only for this purpose. We believe the ordinance is clearly within the police power of the municipality as a measure of public safety.

It is argued by counsel for appellant that the ordinance is invalid, in that it provides that "no person shall operate a motor vehicle upon the streets," etc., which would apply as a restriction upon persons residing outside of the corporate limits, who would casually or infrequently operate their cars in passing through the municipality; that this restriction and harassment of transient operators in the use of the streets, in passing from one part of the state to another upon the highways, would be unreasonable. If we concede the soundness of this contention, the appellant cannot here complain, because he is a resident citizen of the municipality and a frequent user of its streets, and the court could judicially interpret the ordinance to be nonapplicable to casual or infrequent users of the streets, if a literal interpretation otherwise would lead to an absurdity or injustice not intended by the lawmakers. Such a construction by the court would result in the elimination of that feature of the ordinance complained of by appellant, and still the other parts would remain valid. However, we decline to pass upon that point at this time.

Referring to the third reason assigned by appellant, that the ordinance is void because it is a revenue measure, and that the city is without power to tax the driver of an automobile which is already taxed by the state law: This argument seems to be based upon the fact that the license fee of one dollar is charged each driver, and in this way the ordinance is for the purpose of revenue. We do not hesitate to say that, if the ordinance was a revenue measure, it would be in conflict with the state law, which prohibits an additional tax being imposed on private motor

vehicles by a municipality. But we do not understand the ordinance to be a revenue measure. It is an act of regulation, providing for the public safety under the police power of the city. It is our opinion that the license fee of one dollar is merely incidental and bears a reasonable relation to the purpose of the ordinance and the expense of its enforcement; and it is unnecessary for the ordinance to provide for the disposition of the surplus, if any, that may come into the city treasury after such expenses are paid.

The fourth contention of appellant, that the license fee of one dollar is in violation of section 5788, Hemingway's Code (Laws 1916, chapter 116), in that the license fee is an additional tax to that prescribed by the state on motor vehicles, and, quoting from chapter 161, Laws of 1918, "the payment of this tax in one county shall be good for the entire state," is also a position with which we disagree. There is a clear distinction between the tax imposed by the state upon each motor vehicle and the license fee imposed upon each motor vehicle driver under the city ordinance. One is a revenue tax upon the vehicle for the use of the public roads; the other is a license fee charged an applicant for examination and granting the privilege to operate a dangerous motor vehicle in the streets of the city. One tax is on the vehicle, to raise revenue; the other is on the personal privilege to operate a motor vehicle. One is the exercise of the taxing power; and the other is the exercise of the police power in promotion of the public safety.

We hold the ordinance in question is valid in so far as its validity may be contested by the appellant in this case. The imposition of the prescribed penalty upon a driver who has inadvertently failed to carry his license and is unable to show it when requested by the officer, may or may not be unreasonable; yet the appellant has no right to raise this point here because he was not convicted for a violation of this feature of the ordinance. This provision of the ordinance is separable, and may be struck down as void, and the other parts of it upheld as valid.

The judgment of the lower court is affirmed.

*Affirmed.*