(94 South. 195)

## CITY OF BIRMINGHAM v. BERGREEN.
### (6 Div. 932.)

(Court of Appeals of Alabama. June 6, 1922. Rehearing Denied June 30, 1922.)

Licenses ⟾6(12)—State Automobile License Law prohibits city from imposing further license tax on automobiles for owner's private use.

Acts 1919, p. 397, is a police regulation, and imposes a registration fee or license tax on automobiles used by the owner for private use, in lieu of all other privileges or licenses which the state or any municipality or county thereof might impose, and prohibits a city from imposing any further privilege or license tax on automobiles so used by the owner, and that portion of City of Birmingham Traffic Code Ordinance 726–C, § 3, as amended by Ordinance 746–C, effective April 12, 1921, which imposes a permit fee to operate a motor vehicle on the streets of Birmingham, is void.

Appeal from Circuit Court, Jefferson County; J. Q. Smith, Judge.

Prosecution by the City of Birmingham against J. A. Bergreen for violation of a city ordinance. From a judgment discharging the defendant, the municipality appeals. Affirmed.

Certiorari denied 94 South. ——.

The complaint reads as follows:

"The city of Birmingham, a municipal corporation, of Jefferson County, Alabama, charges that J. A. Bergreen, defendant in the above-styled cause, whose name is otherwise unknown, did, on April 13, 1921, drive or operate an automobile, which was a motor vehicle for his private use, upon the public streets or highways of said city of Birmingham without first having obtained an operator's or driver's permit from the commissioner of public safety of said city, as required by section 3 of the Traffic Code of said city as adopted by Ordinance 726–C, as amended by Ordinance 746–C, which amendment became effective, after publication, on April 12, 1921."

Section 3 of the ordinance under which the complaint was drawn reads as follows:

"(a) Permit Required. It shall be unlawful for any person to run, drive or operate any motor vehicle upon the public streets or highways of the city of Birmingham without first having obtained an operator's or driver's permit from the commissioner of public safety of the city of Birmingham, or other competent person or persons designated by him with the approval of the commission.

"(b) No permit shall be issued to any person under sixteen years of age, and no permit shall be issued until the commissioner of public safety or other competent person or persons designated by him with the approval of the commission is satisfied that the applicant for such permit is competent to operate the type of motor vehicle which he desires to operate. If any applicant for a permit pos-

---

⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

sesses any physical defect which might affect the operation by him of the type of motor vehicle which he desires to operate, the commissioner of public safety or other competent person or persons designated by him with the approval of the commission, may require such applicant to show cause why a permit should be granted him, and may require such applicant to demonstrate personally that notwithstanding such defect he is a proper person to operate the type of motor vehicle which he desires to operate.

"(c) In determining the fitness of any applicant for a permit, he may be required to pass an oral or written examination on the motor laws and traffic regulations of the state of Alabama or of the city of Birmingham, Alabama, or both, and on the mechanism of motor vehicles.

"(d) Each permit issued shall state the name and place of residence (street address) of the person to whom the permit is issued, and the number of the permit and such other matter as the commissioner of public safety may require. A fee of $1.00 shall be paid for such permit and such permit shall be valid continuously after issue unless it be suspended or revoked by the recorder of the city of Birmingham as hereinafter provided."

"(g) The provisions of this section shall not apply to any person required by section 4 hereof to secure a chauffeur's license or to nonresidents of the city of Birmingham."

"(i) The funds derived from the payment of the fee required by subsection (d) of this section shall be used for the payment of the expenses of conducting the examination herein required, the printing of the permits, of applications for permits, the printing of the Traffic Code, payment of salaries of officers whose duty it is to enforce the ordinances of the city relating to motor vehicle traffic and regulating the driving or operation of motor vehicles in the city of Birmingham and other expenses necessarily incident to such matters."

W. J. Wynn and W. Marvin Woodall, both of Birmingham, for appellant.

The traffic ordinance adopted by the city of Birmingham is reasonable and valid, being a police regulation merely for the safety of traffic in said city, and the fee of $1 being only incidental to the police measure, and not a tax. 81 Ala. 272, 2 South. 638; 81 Ala. 279, 2 South. 829, 60 Am. Rep. 158; 124 U. S. 466, 8 Sup. Ct. 564, 31 L. Ed. 508; 83 Ala. 71, 3 South. 702; 128 U. S. 96, 9 Sup. Ct. 28, 32 L. Ed. 352; 86 South. 450; 22 Cyc. 1368; 104 La. 601, 29 South. 214; 107 La. 713, 31 South. 1015; 70 Ala. 361, 45 Am. Rep. 85; 151 Ala. 469, 44 South. 388, 125 Am. St. Rep. 31; 201 Ala. 641, 79 South. 113; Code 1907, § 1251; 191 Ala. 75, 67 South. 389, Ann. Cas. 1916C, 1061.

Coleman & Coleman & Spain and Atwell J. Brown, of Birmingham, for appellee.

The state license tax provided for in Acts 1919, p. 397 et seq., is a police regulation, being imposed by virtue of the police power of the state. 7 Ala. App. 151, 61 South. 604;

183 Ala. 91, 63 South. 201; 15 Ala. App. 113, 72 South. 685; 204 Ala. 40, 85 South. 564. The ordinance adopted by the city of Birmingham is a police regulation. McQuillin, Mun. Corp. 991; Berry on Automobiles (3d Ed.) §§ 96, 123, 124. That portion of the city ordinance imposing a permit fee is void. Acts 1919, p. 399; 204 Ala. 40, 85 South. 564; 17 Ala. App. 346, 85 South. 567.

MERRITT, J. The defendant was acquitted of a violation of an amended traffic ordinance of the city of Birmingham; his demurrers to the complaint filed by the city, first having been sustained, the cause being considered by the trial court under the following agreed statement of facts:

"By agreement of the attorney for the city of Birmingham and the defendant herein this cause shall be heard upon the following agreed statement of facts:

"The defendant, a resident citizen and taxpayer of the city of Birmingham, in Jefferson county, Alabama, admits that on the 13th day of April, 1921, he was driving an automobile upon the streets of the city of Birmingham, which automobile was owned by him and used as a pleasure car for his private use and that of his family, and that he had not procured a permit to drive the car, required by the Traffic Code of the city of Birmingham, known as Ordinance No. 726–C, and which became effective on March 7, 1921, and was amended on April 5, 1921, by an ordinance entitled, 'An ordinance to amend section 3 of the Traffic Code of the city of Birmingham, for 1921.'

"However, the defendant applied to the city commission or to that department which had in charge the issuing of these permits, as required by Ordinance No. 726–C, on, to wit, the 13th day of April, 1921, for such a permit or license; to drive his car for his private use and that of his family; but the said city commission, or its representative refused to give said permit to defendant unless he paid a fee of $1, which the defendant refused to pay. The defendant, at that time and prior thereto, had paid license tax or registration fee provided in Schedule 6, page 397, of the Acts of Alabama for 1919, approved September 15, 1919, and there had been issued to him by the probate judge of Jefferson county, Ala., a license tag, provided by this law.

"It is agreed and admitted that the defendant possessed on April 13, 1921, and still possesses, all of the qualifications required by law to entitle him to drive such automobile for his private use. A copy of said section 3 of said ordinance as amended is attached hereto and made a part hereof."

The defendant (appellee) insists that the state law (Acts 1919, p. 397), Schedule 6 et seq.), imposing a registration fee or license tax on automobiles used by the owner for his own private use and that of his family, is a police regulation. This is in line with the decision in this and other states and with numerous text-writers. As was stated in the case of Foshee v. State, 15 Ala. App. 113, 72 South. 685:

"In this state it has been expressly held by this court, in considering the motor vehicle law of 1911, that the state has the right, in the exercise of its police power, to regulate the use of motor vehicles upon the public highways and impose a license fee or tax for this purpose. This is the effect of the holding in Bozeman v. State, 7 Ala. App. 151, 61 So. 604, which opinion in 'all things' was affirmed by the Supreme Court, in reviewing that case on certiorari. Ex parte Bozeman, 183 Ala. 91, 103, 63 So. 201." Mills v. Court of Commissioners of Conecuh County, 204 Ala. 40, 85 South. 564.

In McQuillin on Municipal Corporations, vol. 7, p. 761, it is said:

"A license fee or tax comes within and is based upon the police power to regulate or prohibit a particular business. It is intended to regulate and not raise revenue. * * * In the exercise of police power for the purpose of regulation, the authority of the municipality is limited to such a charge for a license as will bear some reasonable relation to the additional burdens imposed by the business or occupation licensed and the necessary expense involved in police supervision." Berry's Law of Automobiles, paragraph 80; Huddy's Law of Automobiles, p. 78.

So it being clear on authority that the state law providing for a registration fee, license, or tax on motor vehicles is a police regulation, which police regulation provides that—

"The registration fee or license tax herein required to be paid on motor vehicles shall be in lieu of all other privilege or license taxes which the state, or any county or municipality thereof might impose, where the motor vehicle is used by the owner for his private use and that of his family,"

the way is clear for a consideration of the other questions involved in this case. This state police regulation not only provides, it will be seen, that the license privilege registration fee, or tax, therein provided for "shall be in lieu of all other privilege or license taxes which the state or any county or municipality thereof might impose," but the act provides for the amount of such license fee or tax, and for a division or distribution thereof in the following language:

"The money collected as motor vehicle license taxes, less expense, shall be distributed as follows: Eighty (80%) per cent to the state; twenty per cent. to the incorporated city or town in which the owner of the motor vehicle resides, and twenty (20%) per cent. to the county, if the owner of the motor vehicle resides outside of an incorporated city or town."

It will therefore be seen that under this police regulation the city of Birmingham obtains 20 per cent. of this fee or license privilege. If, then, the city can add the privilege tax or license sought to be added by the ordinance in question under the guise of a police power, why may it not continue to adopt ordinances, under this broad power, even though with nominal charges for the enforcement thereof, and destroy the intent of the Legislature, which seems clear by the wording thereof?

The case of Wasson v. City of Greenville, 123 Miss. 642, 86 South. 450, cited by appellant, and insisted upon as in point here, will be seen on a close examination not to present a parallel proposition to that involved here. The Supreme Court of Mississippi had construed the state law imposing a license tax to be a revenue measure, and there was no inhibition in the state law against any municipality imposing a license tax, and, further, that the city license fee was a police measure, and, as each had its own sphere of operation, the state as a revenue measure and the city act as a regulation promulgated by virtue of the police powers of the city, that they were not in conflict. In the instant case both the state law and the city ordinance are police regulations, and, as stated before, the state law provides that the city shall be prohibited from imposing a further license or privilege tax.

Counsel for appellant contend, further, that the ordinance in question, imposing the examination fee of $1, in no sense imposes a tax, but the examination fee is what the law calls a compensation for services rendered merely in the enforcement of a purely police regulation. The state law being itself a police regulation, and making provision for a distribution of the proceeds levied and collected by virtue of such power, in part to the state, county, and city, the mere fact that the act speaks of "the registration fee, or license tax, herein required to be paid on motor vehicles, shall be in lieu of all other privilege or license taxes," in no wise left it to either the counties or municipalities to add a charge under the guise of a permit, to do that which the state law fully provided for, and stated in clear and unmistakable language others should not do.

"When the Legislature speaks and uses plain language, which cannot be changed or warped from its plain and ordinary meaning, except when a different or narrower meaning is necessary to avoid absurdity or calamity, courts are no more at liberty to misunderstand the commands which the language imports than a soldier is authorized to disobey lawful orders of his superior officer by taking a bypath when ordered to follow the main road."

See Ward v. Markstein, 196 Ala. 209, 72 South. 41.

The provision in the State Registration Law that the license tax, paid by the owner on a motor vehicle which is used for his own use and that of his family, shall be in lieu of all other privilege or license taxes which the state, or any county or municipality thereof might impose must be given some ef-

fect, and the effect to us is clear, that it is an inhibition against any municipality or county imposing a privilege or license tax upon an owner of an automobile where the same is used for his own private purposes and those of his family. The case of Mills v. County Commissioners, supra, so declares. The facts in that case were that the petitioner was a citizen and taxpayer of Conecuh county, and the owner of automobiles for both his private use and for commercial purposes, which automobiles were used upon the roads of Conecuh county. It appears that the court of commissioners of Conecuh county levied a license or privilege tax on automobiles used both for private and commercial purposes. This was an appeal from a petition for a writ of certiorari by Mills, to be directed to the court of commissioners of Conecuh county to review and vacate the order of said court levying an automobile tax, and the court decided as follows:

"This brings us to a consideration of the validity of the order of the commissioners' court. In the act of September 14, 1915 (General Acts 1915, p. 489), certain license · or privilege taxes were fixed on automobiles and motorcars kept for private use and also commercial purposes. On page 493, Acts 1915, there is a provision in said act for equitable distribution of the funds to the incorporated city or town in which the owner or licensee resides, and to the county when the fund is derived from such source outside of any incorporated city or town. Then follows the provision that—'The registration fee or license tax herein required to be paid on automobiles or motorcars or motorcycles shall be in lieu of all other privilege or license tax, which the state or any county or municipality thereof might impose, where the automobile or motorcar or motorcycle is used by the owner for his private use and that of his family: Provided, however, that incorporated cities or towns are hereby authorized to collect a reasonable license or privilege tax on motor vehicles used for carrying passengers or freight for hire.'

"A very similar provision appears in the Acts of 1911, page 636, and was passed upon by this court in Ex parte Bozeman, 183 Ala. 91, 63 South. 201, and held not violative of section 221 of our Constitution. * * *

"The above-quoted provision of the act of 1915 contains an express exemption from a levy of an additional license or privilege tax by cities, towns, or counties, where the automobile, motorcar, or motorcycle is used by the owner for his private use and that of his family. It is clear, therefore, that the judgment of the circuit court, quashing so much of the order of the commissioners' court, as levied such additional tax upon automobiles used by the owner for private use and that of his family, was free from error. * * * Said section 13, therefore, by express authority, delegates to the county the right to levy a tax on automobiles, as well as other vehicles; but, as previously pointed out, the same Legislature, a few days prior to the passage of this latter act, had expressly exempted from any additional license or privilege tax automobiles used by the owner for his private use or that of his family; but neither prohibited nor granted the right of counties to levy the tax upon automobiles used for commercial purposes."

See, also, the case of Johnson v. State, 17, Ala. App. 346, 85 South. 567.

From the foregoing it is the conclusion of this court that, as the state had prohibited the city from imposing any further privilege or license tax on automobiles when the same were used by the owner for his own use and that of his family, the city had no authority to require the appellee to pay a permit fee as a condition precedent to his operating his own automobile, which the evidence shows he used for his own purposes and that of his family; therefore the portion of the city ordinance imposing such a permit fee is void.

The judgment of the circuit court is therefore affirmed.

Affirmed.