THE CITY OF EARLVILLE, Appellee, *vs.* JAMES S. RADLEY, Appellant.

*Opinion filed December 15, 1908.*

1. MUNICIPAL CORPORATIONS—*city council cannot impose a penalty on aldermen for failure to attend meeting.* A city council has neither an express nor an implied power to impose a penalty on an alderman for a mere failure to attend a council meeting.

2. SAME—*when an ordinance is unauthorized.* Section 8 of article 3 of the City and Village act, providing that a minority of the aldermen may "compel the attendance of absentees, under such penalties as may be prescribed by ordinance," does not authorize an ordinance providing that aldermen absenting themselves from any meeting of the council may be fined a certain sum unless excused by the council for some good reason, which fine and costs may be collected by suit in the name of the city.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of LaSalle county; the Hon. EDGAR ELDREDGE, Judge, presiding.

The circuit court of LaSalle county, on a hearing, without a jury, of an appeal from a police magistrate of the city of Earlville, rendered a judgment against the appellant for a penalty of four dollars for absenting himself from four meetings of the city council, of which he was a member.

The Appellate Court affirmed the judgment, and, a certificate of importance having been granted, an appeal was taken to this court.

The penalty was imposed under the provisions of section 5 of an ordinance regulating sessions of the city council, which reads as follows: "Any member absenting himself from any of the meetings of the same may be fined the sum of one dollar, unless for some good reason he shall be excused by the city council, which fine, with the costs of the proceedings, may be collected by suit, to be commenced before the police magistrate in the name of the city of Earlville."

A regular meeting of the council, which consisted of six aldermen and the mayor, was held on July 3, 1905, with all the members present, and was adjourned until July 7. At that time three aldermen, including appellant, were absent, and the meeting was adjourned until July 14, when the same three aldermen were absent. At the next regular meeting, August 7, the same three aldermen were absent, and the meeting was adjourned until August 9, when they were again absent. At this last meeting a resolution was unanimously adopted by the three aldermen present that the absent members be fined one dollar each for each of the four meetings from which they had been absent, the fines to be paid within three days. On August 14 this suit was begun before the police magistrate.

JAMES J. CONWAY, for appellant.

GEORGE S. WILEY, City Attorney, (BROWNE & WILEY, of counsel,) for appellee:

A majority of the aldermen elect shall constitute a quorum to do business, but a smaller number may adjourn from time to time and may compel the attendance of absentees under such penalties as may be prescribed by ordinance. Hurd's Stat. 1905, chap. 24, art. 3, sec. 8.

The city council shall determine its own rules of proceeding, punish its members for disorderly conduct and may expel a member. Hurd's Stat. 1905, chap. 24, art. 3, sec. 7; *Evanston* v. *Carroll,* 92 Ill. App. 495; *Harrison* v. *People,* 36 id. 319; *People* v. *Hannifen,* 6 id. 158.

The power to make by-laws, when not expressly given, is implied as an incident to the very existence of a corporation. A corporation may go so far as to pass a by-law fining members who will not take office. *People* v. *Williams,* 145 Ill. 573; *Nagle* v. *Wakey,* 161 id. 387; *People* v. *Election Comrs.* 221 id. 9.

If an ordinance is susceptible of two constructions, one of which will support and the other defeat it, the former will be adopted. And this rule is followed though the former should be in accordance with the plain and literal meaning of the words used. *Harmon* v. *Chicago,* 140 Ill. 374; *Tudor* v. *Railroad Co.* 154 id. 129; *Berry* v. *Chicago,* 192 id. 154.

Mr. JUSTICE DUNN delivered the opinion of the court:

The city of Earlville is organized under the general law, and the appellant's claim is that the city council had no authority to pass section 5 of the ordinance. Cities have only such powers as have been granted to them by the legislature. "Municipal corporations exercise only delegated and limited powers, and, in the absence of express statutory provisions to that effect, courts are authorized to indulge in no presumptions in favor of the validity of their ordinances. If in conformity with the express or necessarily implied grant in the charter they are valid, otherwise not." (*Schott* v. *People,* 89 Ill. 195.) "A city council can legislate only because it is authorized so to do by the State." *City of Chicago* v. *McCoy,* 136 Ill. 344.

The election of aldermen is provided for by the statute. The burden of office is imposed by law upon each person

elected, and it is his duty, as stated in the oath required of him, faithfully, to discharge the duties of the office to the best of his ability. But the legislature has not seen fit, by any general enactment, to provide a penalty for the neglect of this duty, unless it is by the statute which imposes a fine upon and authorizes the removal from office of every person guilty of any palpable omission of duty. (Hurd's Stat. 1905, sec. 208, p. 713.) Nor has it conferred the power, generally, on the city council to impose penalties upon its elective officers for failures or omissions of official duty. A limited power of punishment of aldermen is given by section 7 of article 3 of the City and Village act, which provides that the city council "shall determine its own rules of proceeding, punish its members for disorderly conduct, and with the concurrence of two-thirds of the aldermen elect, may expel a member." The only other authority given the council for imposing a penalty upon an alderman is found in section 8 of the same article, which provides that "a majority of the aldermen elect shall constitute a quorum to do business, but a smaller number may adjourn from time to time, and may compel the attendance of absentees, under such penalties as may be prescribed by ordinance."

Appellee contends that this section gives the council authority to pass the ordinance in question. The section authorizes a minority of the aldermen to adjourn and compel the attendance of absentees under such penalties as may be prescribed by ordinance. There is necessarily implied, therefore, a power to prescribe penalties by ordinance. The penalties to be prescribed are such that under them the minority may compel the attendance of absentees. The majority usually has no need to compel the attendance of absentees, because it can transact the business of legislation and of the city without them. The minority needs the power to compel the attendance of absentees, because without it the business of the city may suffer through mere neglect of aldermen to attend. The only object of the penalty is to enable the

minority present at a meeting to compel the attendance of absentees at the meeting then being held, or, at the continuation thereof, at the time to which the minority may adjourn. If the minority may compel attendance under such penalties as may be prescribed, then the penalties must be adapted to enable the minority to compel attendance. Moreover, the penalty must be adapted to compel the attendance of absentees,—of those who have absented themselves. This ordinance puts no power in the hands of the minority. The penalty has no tendency to enable the minority to compel the absentees to attend. It cannot compel the attendance of absentees on peril of incurring the penalty. That is incurred, if at all, without the action of the minority or in spite of its action. The minority has nothing to do with imposing the penalty. The penalty has already been incurred by the absentees for the present meeting, and it will apply equally at the next meeting to all the aldermen, whether of the minority or the absentees. All who are then absent will be subject to the penalty, whether they were absent or present at the former meeting. Under the statute the minority may compel the attendance of the absentees, but this ordinance has no tendency to aid to that end. It merely imposes a fine for his neglect of official duty upon any alderman who fails to attend any meeting. The city council has no power to do this. The legislature has not granted the power nor is it necessary to carry into effect the powers which are granted.

We express no views in regard to the power of a majority of the council to compel the attendance of all the aldermen. We hold that a city council has neither an express nor an implied power to impose a penalty on an alderman for a mere failure to attend a council meeting.

The judgments of the Appellate Court and of the circuit court will be reversed.        *Judgment reversed.*