THE CITY OF SPRINGFIELD, Appellee, *vs.* WILLIAM H. RICHTER, Appellant.

*Opinion filed February 20, 1913.*

MUNICIPAL CORPORATIONS—*when an ordinance against keeping business houses open on Sunday is not invalid.* An ordinance prohibiting persons from keeping open their places of business or pursuing their daily occupations on Sunday is not invalid for discrimination because it exempts from such prohibition hotels, eating houses, drug stores, tobacco stores, livery stables and street cars but does not exempt meat markets. (*City of Clinton* v. *Wilson, post,* p. 580, followed.)

APPEAL from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

SMITH & FRIEDMEYER, and E. L. CHAPIN, for appellant.

FRANK L. HATCH, ANDRUS & TRUTTER, and STEVENS & HERNDON, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellant was fined in the circuit court of Sangamon county for keeping open his meat market in the city of Springfield on Sunday, in violation of a city ordinance. He prayed an appeal, and the trial judge certified the validity of a municipal ordinance was involved and that the public interest required the appeal to be taken direct to this court, and it was accordingly done.

It is not denied that appellant kept open his meat market for the transaction of business on Sunday, but it is contended that the ordinance is invalid. The ordinance is as follows: "Whoever shall on Sunday keep open, or permit to be kept open, his place of business, or shall pursue his daily labor or occupation, within said city, shall on conviction be fined not less than $10 nor more than $50: *Provided,* that this section shall not be applicable to persons who conscientiously observe some other day of the week as the Sabbath, nor in case of necessity, nor to hotels, eating houses, drug stores, tobacco stores, livery stables or street cars."

No question is raised as to the lawful authority of the city to prohibit, by ordinance, persons from keeping open their places of business in the city on Sunday for the purpose of selling their goods, wares and merchandise, but it is contended the ordinance here in question is invalid because it discriminates in favor of certain persons or classes and against others. The same objection was made to a Sunday closing ordinance in *City of. Clinton* v. *Wilson, (post,* p. 580.) That ordinance was in principle the same, and almost the same in wording, as the one here involved. We held that ordinance valid, and that decision is conclusive of this case. In addition to the cases there cited, the following are a few of the many cases decided in other jurisdictions holding Sunday closing laws applicable to some lines of business and exempting others not to be invalid as a denial of equal rights, privileges and immunities: *Lieberman* v. *State,* 26 Neb. 464; *Theisen* v. *McDavid,* 34 Fla. 440; 26 L. R. A. 234; *State* v. *Justus,* 91 Minn. 447; 103 Am. St. Rep. 521; *State* v. *Sopher,* 25 Utah, 318; 60 L. R. A. 468; *State* v. *Nichols,* 28 Wash. 628; 64 Pac. Rep. 372; *State* v. *Dolan,* 13 Idaho, 693; 14 L. R. A. (N. S.) 1259.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*