THE CITY OF MARENGO, Appellant, *vs.* JOHN ROWLAND, Appellee.

*Opinion filed April 23, 1914—Rehearing denied June 4, 1914.*

1. MUNICIPAL CORPORATIONS—*municipal corporations exercise only delegated and limited powers.* The power of a municipal corporation to pass a particular ordinance must be found in its charter in express terms, or it must be necessary in order to carry out the powers expressly granted, or be essential, and not simply convenient, to the declared objects and purposes of the corporation.

2. SAME—*ordinance requiring closing of barber shops on Sunday is invalid.* An ordinance which singles out the occupation of a barber and prohibits the keeping open of barber shops on Sunday, under a penalty, is invalid. (*Eden v. People,* 161 Ill. 296, adhered to; *Springfield v. Richter,* 257 id. 578, and *Clinton v. Wilson,* 257 id. 580, distinguished.)

3. SAME—*ordinances infringing spirit of State law are invalid.* Municipal corporations, under a general grant of power, cannot enforce ordinances which infringe the spirit of a State law or are repugnant to the public policy of the State.

APPEAL from the Circuit Court of McHenry county; the Hon. C. H. DONNELLY, Judge, presiding.

C. B. WHITTEMORE, City Attorney, and C. P. BARNES, for appellant.

J. E. BARBER, and WILLIAM L. PIERCE, for appellee.

Mr. Justice Carter delivered the opinion of the court:

This was an action of debt brought by appellant against appellee before a police magistrate in the city of Marengo, McHenry county, to collect a penalty for the violation of an ordinance prohibiting the keeping open of barber shops on Sunday. The circuit court, on appeal, found the issues in favor of appellee and held the ordinance invalid, the trial judge certifying that the validity of a municipal ordinance was involved and in his opinion the public interest required the cause to be taken directly to this court.

The sole question presented here is the validity of said ordinance passed May 15, 1900, and reading:

"Sec. 1. That hereafter it shall be unlawful for any barber shop or shops, tonsorial parlor or parlors, to be opened for business on the first day of the week, commonly called Sunday, nor shall any tonsorial business be done in any of said shops or parlors on said first day of the week. A violation of the provisions of this ordinance shall subject the offender to a penalty of not less than ten dollars ($10) and not exceeding the sum of twenty-five dollars ($25) for each offense. The term Sunday, under this ordinance, shall include the period between the usual closing hour on Saturday night and twelve (12) o'clock midnight on the following night."

This court, in *Eden* v. *People,* 161 Ill. 296, held unconstitutional a statute substantially like the ordinance here in question. Counsel on both sides concede that unless that decision is overruled or can be distinguished the decision of the circuit court must be upheld. Counsel for appellant, however, contend that this court, in effect, has overruled that decision in *City of Springfield* v. *Richter,* 257 Ill. 578, *City of Clinton* v. *Wilson,* 257 id. 580, and other recent cases of like character. With this we do not agree. In the two cases just cited, ordinances were construed which forbade, generally, the keeping open of business places or

pursuing ordinary day labor on Sunday, but containing pro-
visos excepting persons who usually observe some other day
of the week as the Sabbath, and excepting cases of neces-
sity, hotels, eating houses, drug stores, and certain other
enumerated lines of business.  In every case in this State
relied upon by counsel for appellant as not being in har-
mony with *Eden* v. *People, supra,* there was no attempt to
overrule, in terms, the latter case.  On the facts and the
law every one of those cases is readily distinguishable.  It
requires no argument to prove that there is a well marked
difference between an ordinance which forbids all secular
business on Sunday, with certain clearly defined and rea-
sonable exceptions, from one which picks out one particular
business and forbids it being exercised on Sunday but per-
mits all other kinds of business.

Municipal authorities have only such powers as are
granted to them by the legislature.  They exercise only
delegated and limited powers.  (*City of Earlville* v. *Rad-
ley,* 237 Ill. 242; *City of Chicago* v. *McCoy,* 136 id. 344.)
The power of the city to pass an ordinance must be found
in its charter in express terms, or it must be necessary in
order to carry out the powers expressly granted, or be es-
sential, and not simply convenient, to the declared objects
and purposes of the corporation.  (*City of Chicago* v. *We-
ber,* 246 Ill. 304; *City of Chicago* v. *M. & M. Hotel Co.*
248 id. 264.)  Under the Cities and Villages act no provi-
sion is found granting to municipalities, in express terms,
the authority to prohibit labor on Sunday and set that day
apart as a day of rest.  Clause 66 of section 1 of article 5
of the Cities and Villages act (Hurd's Stat. 1911, p. 266,)
gives the power to incorporated cities and villages to regu-
late the police of the city or village and pass and enforce
all necessary police ordinances.  It was under this general
grant of power that this court upheld ordinances prohibit-
ing, generally, the engaging in business on Sunday, with
certain reasonable exceptions, in *McPherson* v. *Village of*

*Chebanse,* 114 Ill. 46, *City of Springfield* v. *Richter, supra,* and *City of Clinton* v. *Wilson, supra.* Said section 1 of article 5 was amended as to several clauses and the entire section re-enacted in 1911, (Laws of 1911, p. 173,) but no change was made in said clause 66 or any other clause that in any way enlarged the authority of municipalities on the question here under consideration. It must be assumed that the legislature then had in mind the ruling of this court in *Eden* v. *People, supra,* and therefore did not intend to extend the authority of municipalities on this question. The present statutes and general laws of the State should be construed in the light of that decision. Ordinances of municipalities inconsistent with these general laws and statutes must be held of no effect unless they are authorized by an express legislative grant. (2 Dillon on Mun. Corp.—5th ed.—sec. 601 ; McQuillin on Mun. Ordinances, sec. 16.) Municipal authorities, under general grant of power, cannot adopt ordinances which infringe the spirit of a State law or are repugnant to the general policy of the State. (*City of Chicago* v. *Ice Cream Co.* 252 Ill. 311 ; 25 Am. & Eng. Ann. Cas. 675, note; *City of Clinton* v. *Wilson, supra.*) The public policy of the State is found in its constitution and statutes, and, when they are silent, in its judicial decisions and the constant practice of its public officials. *Zeigler* v. *Illinois Trust and Savings Bank,* 245 Ill. 180.

The common law of England as adopted in this State does not prohibit citizens from pursuing ordinary labor on Sunday. This was changed by statute 29 Car. 2, which provided that "no tradesman, artificer, laborer, workman or other person whatsoever shall do or exercise any worldly business or work on the Lord's day," works of necessity and charity being excepted. This statute has been substantially adopted in many of the States. This State, however, has not adopted that statute. Legislation here on that subject is found in paragraph 261 of our Criminal Code, which

reads.: "Whoever disturbs the peace and good order of society by labor (works of necessity and charity excepted) or by any amusement or diversion on Sunday, shall be fined not exceeding $25. This section shall not be construed to prevent   *   *   *   the due exercise of the rights of conscience by whomever thinks proper to keep any other day as a Sabbath."

It will be seen that there is a clear distinction between our statute and the English statute. The latter prohibits labor and business on Sunday, while ours merely prohibits labor and amusement which "disturbs the peace and good order of society." The English statute is much more comprehensive than ours. (*Richmond* v. *Moore,* 107 Ill. 429; *Eden* v. *People, supra.*) The legislature not having modified this statute since it was construed by this court in the cases last cited, obviously the public policy of the State on this question is the same as it was when those decisions were rendered. Even if we were disposed to disagree with the reasoning in *Eden* v. *People, supra,* until authority is granted to municipalities by the legislature to pass an ordinance such as this one under consideration such an ordinance must necessarily be held void.

The decisions cited from other jurisdictions by counsel for appellant need not be considered. Most of them were in relation to laws very similar to the English statute heretofore referred to. Moreover, with few exceptions, the acts or ordinances construed were general in their nature, substantially similar, in wording, to the ordinances in *McPherson* v. *Village of Chebanse, supra, City of Springfield* v. *Richter, supra,* and *City of Clinton* v. *Wilson, supra.* The fact barbers were included in those lines of business prohibited in the ordinance in *City of Springfield* v. *Richter, supra,* and were in the excepted classes in *City of Clinton* v. *Wilson, supra,* does not render those two decisions inconsistent with each other or with *Eden* v. *People, supra.* In those two cases, in harmony with a long line of

other decisions rendered by this court, it was held that a law or ordinance applicable to a certain class or classes of citizens, to be constitutional must be based upon some substantial difference between the situation of such class or classes and other individuals or classes to which it does not apply. In *Eden* v. *People, supra,* it was held that there was no substantial difference in the business done by barbers from that done in many other lines of employment, while in the other two cases just referred to it was held that there was a substantial difference existing in the classes of employment and business embraced within the prohibitions in the ordinance and those excepted from such prohibitions.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*