(112 So. 109)

### WILLIAMSON v. CITY OF ANNISTON.
### (7 Div. 695.)

(Supreme Court of Alabama.   March 24, 1927.)

1. **Municipal corporations** ⬉592(4)—**Ordinance permitting wooden dwellings in outer fire limit established conflicted with Code authorizing fire limits containing no wooden buildings (Code 1923, § 2012).**

Ordinance prescribing an outer fire limit and permitting erection of buildings therein to be used continuously and exclusively for dwellings of inflammable material is in conflict with Code 1923, § 2012, authorizing city to prescribe fire limits in which buildings of inflammable material "shall not be erected."

2. **Municipal corporations** ⬉111(4)—**Ordinance must be declared void unless illegal provision can be eliminated.**

Unless provision of ordinance in conflict with Code authorizing ordinance can be eliminated and remainder left as expressing legislative will, ordinance as a whole must be declared void.

3. **Municipal corporations** ⬉111(4)—**Provision of ordinance permitting wooden dwellings in outer fire limit held inseparable from remainder and rendered entire ordinance void (Code 1923, § 2012).**

Provision of ordinance creating outer and inner fire limits in city, in which different rules as to character of materials to be used in constructing certain classes of buildings were prescribed, permitting construction of wooden dwellings in outer fire limit, conflicting with Code 1923, § 2012, could not be separated from remainder of ordinance, and hence entire ordinance was void.

Appeal from Circuit Court, Calhoun County; R. B. Carr, Judge.

Bill for injunction by C. O. Williamson against the City of Anniston. From a decree sustaining a demurrer to the bill and dissolv-ing temporary injunction, complainant appeals. Reversed and remanded.

Rutherford Lapsley and Longshore & Longshore, all of Anniston, for appellant.

Ordinances are unreasonable and discriminatory which do not affect each member of the community alike, or favor or discriminate against any persons or class of persons or any particular portions of the municipal territory. Such ordinances may be stayed by injunction.   Greensboro v. Ehrenreich, 80 Ala. 579, 2 So. 725, 60 Am. Rep. 130; Cuba v. Miss. C. O. Co., 150 Ala. 259, 43 So. 706; Montgomery v. L. & N., 84 Ala. 127, 4 So. 626; Mobile v. Orr, 181 Ala. 308, 61 So. 920, 45 L. R. A. (N. S.) 575; Franklin Social Club v. Phil Campbell, 204 Ala. 259, 85 So. 527; Health Dept. v. Rector, 145 N. Y. 32, 39 N. E. 833, 27 L. R. A. 710, 45 Am. St. Rep. 579; People v. Lewis, 86 Mich. 273, 49 N. W. 140; Dobbins v. Los Angeles, 195 U. S. 223, 25 S. Ct. 18, 49 L. Ed. 169.    The ordinance involved, further designating outer fire limits, in which building construction rule is not uniform and not based on uniform test of fire hazard, is discriminatory and void. Canepa v. Birmingham, 92 Ala. 358, 9 So. 180.    It destroys vested property rights by preventing or interfering with the construction of a building on account of the use intended.    State v. Fowler, 90 Fla. 155, 105 So. 733; Fitzhugh v. Jackson, 132 Miss. 585, 97 So. 190, 33 A. L. R. 279; Spann v. Dallas, 111 Tex. 350, 235 S. W. 513, 19 A. L. R. 1387; Bostock v. Sams, 95 Md. 400, 52 A. 665, 59 L. R. A. 282, 93 Am. St. Rep. 394 note; Smith v. Atlanta, 161 Ga. 769, 132 S. E. 66.

J. F. Matthews, of Anniston, for appellee.

The ordinance was authoritatively adopted.   Code 1923, § 2012; Canepa v. Birmingham, 92 Ala. 358, 9 So. 180; Van Hook v. Selma, 70 Ala. 361, 45 Am. Rep. 85; Gamble v. Montgomery, 147 Ala. 682, 39 So. 353; Johnson v. Fayette, 148 Ala. 497, 42 So. 621; Miller v. Birmingham, 151 Ala. 469, 44 So. 388, 125 Am. St. Rep. 31; Dreyfus v. Montgomery, 4 Ala. App. 270, 58 So. 730.    The ordinance does not discriminate against one and in favor of another member of the same class.    Miller v. Birmingham, supra; Dreyfus v. Montgomery, supra; Gamble v. Montgomery, supra.

BROWN, J.    This is a bill by the appellant to restrain the police authorities of the appellee, the city of Anniston, from interfering with the completion and maintenance of a building on appellant's lot located in what is designated as the "outer fire limit," as established by Ordinance No. 230, adopted on May 21, 1925, the erection of which was begun under a permit issued by W. O. Ward, as "building inspector," who, the bill as

---

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

amended asserts, had authority to issue said permit.

On the other hand the appellee contends that Ward was not the building inspector, and was without authority to issue the permit, and, furthermore, that the permit authorized the construction of the building of "wood material," to be used as a store for the sale of goods, in violation of section 1005 of the Code of Ordinances of the city of Anniston, adopted in 1909, as well as the provisions of section 2 of Ordinance 230.

The equity of the bill rests upon the asserted invalidity of Ordinance 230, which creates two fire limits, one designated as "the inner fire limit" and the other "the outer fire limit," and provides:

"Whenever the term 'fire limit' is used in this ordinance it shall be understood to refer to all territory in either the inner or outer fire limits, provide that nothing herein shall be construed to prohibit the erection or repair of frame buildings outside of inner fire limit, but within outer fire limit, when such building is used exclusively and continuously for dwelling purposes, all such dwellings to be covered with incombustible roofing."

While section 1005 of the Code of Ordinances provides:

"Fire Limits: What Structures Forbidden In.—It shall be unlawful for any person to erect, or cause to be erected, or repair, or remove, or add to any frame, wooden or corrugated iron building situated within the fire limit, unless such work is done with fire proof material."

Section 2012 of the Code of 1923, referred to by the appellee as the source of its authority, provides inter alia:

"The council may prescribe fire limits in any city or town and buildings of wood or other inflammable material, shall not be erected therein," etc.

[1, 2] The provisions of Ordinance 230, which prescribes an "outer fire limit" and provides for the erection of buildings to be used continuously and exclusively for dwellings, of wood or other inflammable material, are clearly in conflict with the quoted provisions of the statute, and unless the last proviso of the ordinance can be eliminated and the remainder left as expressing the legislative will, the whole ordinance must be declared void. Baader v. City of Cullman, 115 Ala. 539, 22 So. 19; Ex parte Bizzell, 112 Ala. 210, 21 So. 371; Birmingham v. A. G. S. R. R. Co., 98 Ala. 134, 13 So. 141; Ex parte Byrd; 84 Ala. 17, 4 So. 397, 5 Am. St. Rep. 328; Ex parte Florence (In re Jones), 78 Ala. 419, 425; McQuillian, Municipal Ordinances, § 295.

[3] The controlling purpose of the ordinance is to create two distinct fire limits in which a different rule as to the character of material to be used in the construction of a certain class of buildings is prescribed, and its provisions are so interlinked with reference to the two that it is more than probable that it would not have been adopted so as to cover the outer fire limit without the proviso allowing the use of other than fire proof material in the construction of residences, and hence the whole ordinance must fall.

We are not of the opinion that the bill is without equity, and the decree of the circuit court sustaining the demurrers and dissolving the injunction is reversed.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.