JOHN ALMERIGOTTI, *Plaintiff in Error,* v. R. E. JARVIS, AS CHIEF OF POLICE OF CITY OF LAKE WORTH, *Defendant in Error.*

Division A.

Opinion Filed May 11, 1928.

*John Ziegler,* Attorney for the Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *Roy Campbell,* Assistant, Attorneys for the Defendant in Error.

BROWN, J.—Plaintiff in error was convicted on two charges for violating an ordinance of the City of Lake Worth prohibiting the manufacture, sale, transportation and unlawful possession of intoxicating liquors. On *habeas corpus* proceedings before the Circuit Judge, the petitioner was discharged as to the sentence of illegal possession of liquor but remanded under the sentence for illegal transportation. Petitioner claimed that the ordinance was invalid *in toto,* and the Circuit Judge granted him leave to take out writ of error.

It is well settled that when one part of an ordinance is so connected with or dependent upon the remaining por-

tion of said ordinance, that it cannot be presumed that one would have been ordained without the other, and one or more of the parts of such ordinance are invalid, the remaining portions so connected or dependant therewith must also be held invalid. 43 C. J., 547 *et seq.* A similar principle applies to statutes. It is a settled rule of statutory construction that, if the unconstitutional section or part is of such import that the other sections or parts, without it, would cause results which could not reasonably have been contemplated or desired by the legislature, then the entire statute must be held inoperative. State v. Patterson, 50 Fla. 127, 39 So. 398.

The first section of the ordinance under which plaintiff in error was convicted and sentenced, prohibits the manufacture, sale, barter, exchange, giving away or transportation of intoxicating liquors, spirituous, vinous or malt, in said town, without any exceptions or qualifications whatsoever.

Section 2 made the possession of such liquors, without regard to purpose, or when acquired, unlawful.

Section 3 exempts licensed and practicing physicians, surgeons, druggists, pharmacists or chemists from the operation of the ordinance; also any other persons, firms or corporations having legally acquired possession of such liquors or having a legal permit to keep, sell, use, or dispose of the same.

Section 4 provides that it shall be unlawful for any person to become drunk or intoxicated, and section 5 prescribes the penalties.

It will thus be seen that section 3 permits certain exempted classes of persons to violate sections 1, 2 and 4. Section 3 is contrary to the provisions of both National and State Constitutions and statutes. It does not confine the manufacture, sale or transportation to medicinal, scien-

tific or mechanical purposes, or to sacramental purposes; nor does it confine druggists to selling for medicinal purposes only upon the written and signed prescription of a physician under the regulation's prescribed by statute; nor does it confine the physician prescribing alcoholics to the conditions and the manner provided by law. The effect of section 3 is to give physicians, surgeons, druggists and other exempted classes, the right to manufacture, sell, possess or transport alcoholic or intoxicating liquor without any restrictions such as the State and Federal laws require; to say nothing of the right to violate section 4. Section 3 is therefore invalid. See 43 C. J. 215, *et seq.*, and Florida cases cited; Pounds v. Darling, 75 Fla. 125, 77 So. 666; State v. Dillon, 42 Fla. 95, 28 So. 781.

With this section stricken from the Act, Section 1 would make it unlawful to manufacture, sell or transport such liquor for any purpose whatsoever. This section would therefore prohibit the sale or transportation of alcoholic liquors, whether spirituous, vinous or malt, for medicinal or sacramental or scientific purposes and section 2 would make the possession of such liquor for such purposes likewise an offense under the ordinance. This would leave section 1 inconsistent with and contrary to State law. It could not reasonably be contended that the governing body of the town of Lake Worth had any such intention. In fact, the inclusion of section 3, defective though it be, shows that it was not the intention of the commission to make the wholesale prohibitions in section 1 applicable without qualifications to physicians, druggists, etc.

It herefore appears that section 3, which permits the exempted classes to violate the prohibitions contained in section 1 *ad libitum*, must be stricken as invalid; that this leaves sections 1 and 2 contrary to and inconsistent with both State and National laws on this subject, which is not

permissible, and also contrary to the manifest intent of the authorities which adopted the ordinance. We are, therefore, compelled to conclude that the ordinance as a whole is invalid, and that the plaintiff in error's conviction thereunder was likewise invalid. The final order of the Circuit Judge, in so far as the same remands the petitioner under the conviction and sentence of one of the charges brought under the ordinance, must be reversed, and the cause remanded with directions to discharge the petitioner.

Reversed.

ELLIS, C. J., AND STRUM, J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion and judgment.