### CITY OF TUSCALOOSA v. HANLY.

#### 6 Div. 403.

Supreme Court of Alabama.

Oct. 12, 1933.

Rehearing Denied Nov. 9, 1933.

S. H. Sprott, of Tuscaloosa, for appellant.

514

Wm. J. Foster, of Tuscaloosa, for appellee.

KNIGHT, Justice.

The appeal in this case is prosecuted by the city of Tuscaloosa from a judgment of the circuit court, holding invalid an ordinance of the city imposing a license upon certain classes of money lenders; upon one class the ordinance attempts to impose a license tax (annual) of $250, while on the other the tax was fixed at $100.

The ordinance is as follows: "Each and every person, firm, corporation, or association lending or advancing money on personal property or taking waive notes of exemption on personal or real estate property, wages, salaries, endorsements, or personal securities or charging for making examination or inspection, making out transfers or liens of any description or discounting notes or other evidences of debt; where interest and other charges collected by the lender or agreed or stipulated to be paid by or for the borrower is greater than at the rate of two per cent. per month, $250.00. Where interest and other charges collected by the lender or agreed or stipulated to be paid by or for the borrower is equal to or less than at the rate of two per cent. per month, $100.00. (In determining the rate of interest charged, all charges of every kind by whatever name called or for whatever service performed in any manner connected with any such transaction shall be included in the term interest and other charges.)"

It will appear from the foregoing that, where interest and other charges collected by the lender or agreed or stipulated to be paid by or for the borrower is greater than at the rate of 2 per cent. per month, the tax imposed is $250, and where the interest and charges are equal to, or less than, 2 per cent. per month, the tax is fixed at $100.

The demurrer takes the point that the ordinance is highly discriminatory, arbitrary, and capricious in its classification, and unreasonable. It also takes the point, but not pressed in brief, that the ordinance is in contravention of certain designated sections of the Constitution, and also contravenes the general public policy of the state as expressed in its statute laws. And, specifically, that the ordinance is void in that it licenses the lending of money at usurious rates of interest.

■ We are not impressed by the argument advanced by appellee that the classification attempted by the ordinance is unreasonable or capricious, or an unjust or unwarranted discrimination between the two classes—one who would confine their charges and interest to 2 per cent. per month, and the other with no limitation as to charge whatever—with the sky, so to speak, as the limit. It is but natural to suppose that the latter class would reap a larger harvest from its loan business unbridled as to interest rate, and would undoubtedly require closer scrutiny from the municipality. Such a tax is not imposed simply for revenue but also to pay the reasonable and legitimate expense of supervision of the business.

"The only limitation on the discretion in making classification is that the classification must not be arbitrary, a mere subterfuge to shield one class and burden the other." Woco Pep Co. of Montgomery v. Butler, Chairman of State Tax Commission, et al., 225 Ala. 256, 142 So. 509, 512; Moog v. Randolph, 77 Ala. 597; Postal Tel.-Cable Co. v. City of Decatur, 16 Ala. App. 684, 81 So. 204; Toyata v. Territory of Hawaii, 226 U. S. 184, 33 S. Ct. 47, 57 L. Ed. 180.

In the case of Kennamer v. State, 150 Ala. 74, 43 So. 482, 483, this court held that "the lawmakers are free to create classes upon whom the taxing power may be laid, and the only uniformity requisite is that subjects of the same class are made to bear, equally and uniformly, the burden imposed. Western Union Tel. Co. v. State Board, 80 Ala. 280, 60 Am. Rep. 99."

In the ordinance before us the city has attempted to place in one class all who would charge borrowers, by way of interest and charges, at a rate not in excess of 2 per cent. per month, and into another class those who would charge borrowers, at any rate the lender might see proper, in excess of 2 per cent. per annum. In one, the rapacity of the lend-

er is bridled; while in the other the lender might go to any extreme that conscience would dictate, or the need of the borrower would permit.

We do not think there is anything in the contention that the ordinance is void because of an unreasonable, unjust, or capricious classification. However, there is an objection to the validity of the ordinance, which is fatal, in our judgment.

The ordinance in question attempted to license lenders of money at a greater rate of interest than 8 per cent. per annum.

Section 8563 of the Code declares: "The rate of interest upon the loan or forbearance of money, goods or things in action, is eight dollars upon one hundred dollars for one year; and at that rate for a greater or less sum, or for a longer or shorter time." The taking of a greater rate of interest than the law allows for the use of money is usury.

The above-quoted statute shows the spirit of the law in this state and the general policy of the state with respect to the subject under inquiry.

In the case of City of Marengo v. Rowland, 263 Ill. 531, 105 N. E. 285, 286, it is said: "Ordinances of municipalities inconsistent with these general laws and statutes must be held of no effect unless they are authorized by an express legislative grant. 2 Dillon on Mun. Corp. (5th Ed.) § 601; McQuillin on Mun. Ordinances, § 16. Municipal authorities, under general grant of power, cannot adopt ordinances which infringe the spirit of a state law or are repugnant to the general policy of the state. City of Chicago v. Ice Cream Co., 252 Ill. 311, 96 N. E. 872, Ann. Cas. 1912D, 675, note. * * * The public policy of the state is found in its Constitution and statutes, and, when they are silent, in its judicial decisions and the constant practice of its public officials."

In the case of Dunn v. Court of County Revenues of Wilcox County, 85 Ala. 144, 4 So. 661, 662, this court, speaking through Justice Somerville, said: "The American theory of municipalities is that the legislation permitted to be exercised by them is a mere delegation of the power of the state; and hence it is an established rule that all laws or ordinances enacted by virtue of this delegated power are, in a certain sense, as much part of the general system of legislation as are the laws of the state, and 'it is therefore necessary that they should *be consistent with the state laws.*' Horr & B. Mun. Ord. [Municipal Police Regulations] § 88. It is accordingly a familiar rule on this subject that municipal by-laws and ordinances in conflict with the general law will be adjudged void, unless they be clearly authorized by the charter of the particular town or city enacting them. Sedg. St. & Const. Law (2d Ed. Pom.) 400; 1

Dill. Mun. Corp. (3d Ed.) § 329." (Italics supplied.)

In Town of Greensboro v. Ehrenreich, 80 Ala. 579, 2 So. 725, 726, 60 Am. Rep. 130, this court said: "And though the necessity and propriety of a particular ordinance is primarily of legislative determination, its character, whether reasonable, *impartial, and* consistent with the *state policy*, are questions for the court. 1 Dill. Mun. Corp. §§ 319, 325, 329; Int. & Council of Marion v. Chandler, 6 Ala. 899; Ex parte Frank, 52 Cal. 606 [28 Am. Rep. 642]." (Italics supplied.)

In the case of Ward v. Markstein, 196 Ala. 209, 72 So. 41, 44, this court made a further pronouncement bearing upon the power of municipal corporations to adopt ordinances inconsistent with the general policy of the state as reflected in its general statutes. In that case it is said: "Section 89 of the Constitution is but a restraint upon the power of the Legislature 'to authorize any municipal corporation to pass any laws inconsistent with the general laws of this state,' and does not limit the power of the Legislature 'in conferring police powers on municipal corporations.' Ex parte Cowert, 92 Ala. 94, 101, 9 So. 225; Holt v. Birmingham, 111 Ala. 369, 372, 19 So. 735. The question here presented is not one of the power of the Legislature to validly authorize municipalities to enact ordinances of this character, but is whether the ordinance under review is inconsistent with the policy of the state established by the Legislature of 1915. Is this ordinance inconsistent with the general laws, the general policy of the state as manifested by the laws enacted in 1915, governing the reception, possession, and consumption of intoxicating liquors in this state? If so, then the ordinance is void. 2 Dillon on Mun. Corp. (5th Ed.) § 601; Dunn v. Wilcox County, 85 Ala. 144, 147, 4 So. 661; Greensboro v. Ehrenreich, 80 Ala. 579, 2 So. 725, 60 Am. Rep. 130. The rule is thus stated in the Dunn Case, supra: 'It is, accordingly, a familiar rule on this subject that municipal by-laws and ordinances, in conflict with the general law, will be adjudged void, unless they be clearly authorized by the charter of the particular town or city enacting them.'" This case cites with approval the rule announced by Mr. Dillon, that a municipal corporation cannot, "in virtue of its incidental power to pass by-laws, or under any general grant of that authority, adopt by-laws *which infringe the spirit or are repugnant to the policy of the state as declared in its general legislation.*" (Italics supplied.)

There is nothing in the case of Ex parte Alabama Brokerage Co., 208 Ala. 242, 94 So. 87, reviewing the decision of the Court of Appeals in said case (Alabama Brokerage Co. v. Boston, 18 Ala. App. 495, 93 So. 289) which

516

·aids the appellant in this cause. In that case the court was construing a local law enacted by the Legislature March 9, 1901, known as the "Money Lenders' Act" (Acts 1901, p. 2685).

■ We are at the conclusion that the ordinance in question infringes the spirit of section 8563 of the Code, and is repugnant to the policy of the state as declared in said section, which fixes the legal rate of interest at 8 per cent. per annum, and it was not within municipal competence to legalize, by license, a higher rate of interest. We must therefore hold the ordinance void.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.