(No. 24610.—

THE CITY OF MT. VERNON, Appellee, *vs.* HARRY JULIAN, Appellant.

*Opinion filed October 13, 1938.*

R. E. Smith, for appellant.

Mr. Chief Justice Shaw delivered the opinion of the court:

This is an action against the appellant, Harry Julian, for violation of a city ordinance. He was assessed a fine of $5 by the police magistrate, and, on appeal, the circuit court sustained the judgment. The validity of an ordinance being directly involved, the trial court so certified, and stated that the public interest required a direct appeal to this court.

Appellant operated a community grocery store in Mt. Vernon, and kept for sale groceries, bread, milk, vegetables, tobacco, cigarettes, cigars and other articles usually kept for sale in a community grocery store. He kept his place of business open on Sundays and, particularly, on Sunday, August 8, 1937.

The complaint charged the appellant with a violation of an ordinance which provides as follows:

"Section 477. Sunday business and labor. It shall be unlawful for any person to keep open or permit to be kept open his place of business on Sunday within this city; provided, that this section shall not be applicable in cases of necessity or charity, nor to hotels, restaurants, eating places, drug stores, tobacco stores, confectionery stores, news dealers, ice dealers, shoe shining parlors, garages, gasoline filling stations, telephone exchanges, telegraph offices and moving picture theatres."

This case is submitted to us without such briefs as the question involved requires. The appellant has cited but

four cases while the city has filed no brief and we are thus left to our own investigation for a decision of the constitutional questions involved. Even a slight examination of the point at issue discloses dozens of cases in this and other jurisdictions which bear on the question. In our own jurisdiction we find conflicting statements which require reconciliation or modification, while in other States the same situation appears to exist. A short statement of the basic rules becomes necessary.

City councils exercise only delegated and limited powers. (*City of Marengo v. Rowland,* 263 Ill. 531; *City of Earlville v. Radley,* 237 id. 242; *City of Chicago v. McCoy,* 136 id. 344.) The power to pass an ordinance must be delegated in express terms or be necessarily incidental to an express grant and not simply convenient. (*City of Chicago v. Weber,* 246 Ill. 304; *City of Chicago v. M. & M. Hotel Co.* 248 id. 264.) Article 5 of the Cities and Villages act (Ill. Rev. Stat. 1937, chap. 24, par. 65.65) gives power to cities to regulate the police of the city or village and to pass and enforce all necessary police ordinances. It is under this general grant of police power that the city is authorized to pass comprehensive Sunday closing ordinances, the power being referable to the general welfare branch of police power. (*McPherson v. Village of Chebanse,* 114 Ill. 46.) When the power to legislate on a given subject is conferred and the mode of its exercise is not prescribed in the charter, an ordinance passed pursuant thereto must be a reasonable exercise of that power. *City of Lake View v. Tate,* 130 Ill. 247, and authorities therein cited.

In 1896 this court decided the case of *Eden v. People,* 161 Ill. 296. In that case the defendant was convicted and fined under a statute passed by the legislature which made it unlawful for any person to keep any barber shop open on Sunday or to carry on the business of barbering on Sunday. In that case we considered and reviewed a number of prior cases in this and other jurisdictions and held

the act to be void. In the course of the opinion we said, in part, "If the merchant, the grocer, the butcher, the druggist, and those engaged in other trades and callings, are allowed to open their places of business and carry on their respective avocations during seven days of the week, upon what principle can it be held that a person who may be engaged in the business of barbering may not do the same thing? Why should a discrimination be made against that calling and that alone?" We quoted with approval from Tiedeman on Limitation of Police Powers as follows: "The State, in the exercise of its police power, is, as a general proposition, authorized to subject all occupations to a reasonable regulation, where such regulation is required for the protection of the public interest or for the public welfare. It is also conceded that there is a limit to the exercise of this power, and that it is not an unlimited, arbitrary power, which would enable the legislature to prohibit a business the prosecution of which inflicts no damage upon others." We also said: "It will not and cannot be claimed that the law in question was passed as a sanitary measure, or that it has any relation whatever to the health of society. As has been heretofore seen, as a general rule a police regulation has reference to the health, comfort, safety and welfare of society. How, it may be asked, is the health, comfort, safety or welfare of society to be injuriously affected by keeping open a barber shop on Sunday? It is a matter of common observation that the barber business, as carried on in this State, is both quiet and orderly. Indeed, it is shown by the evidence incorporated in the record that the barber business, as conducted, is quiet and orderly,—much more so than many other departments of business. In view of the nature of the business and the manner in which it is carried on it is difficult to perceive how the rights of any person can be affected or how the comfort or welfare of society can be disturbed. If the act were one calculated to promote the health, comfort, safety and welfare of so-

ciety, then it might be regarded as an exercise of the police power of the State. In *Toledo, Wabash and Western Railway Co. v. City of Jacksonville, 67* Ill. 37, it was held that if the law prohibits that which is harmless in itself, or requires that to be done which does not tend to promote the health, comfort, safety or welfare of society, it will in such case be an unauthorized exercise of power, and it will be the duty of the courts to declare such legislation void. In *Ritchie v. People, supra,* in speaking of the police power of the State, the court said, (p. 110,) "The police power of the State is that power which enables it to promote the health, comfort, safety and welfare of society. It is very broad and far reaching, but is not without its limitations. Legislative acts passed in pursuance of it must not be in conflict with the constitution, and must have some relation to the ends sought to be accomplished,—that is to say, to the comfort, welfare or safety of society. Where the ostensible object of an enactment is to secure the public comfort, welfare or safety, it must appear to be adapted to that end. It cannot invade the rights of person and property under the guise of a mere police regulation, when it is not such in fact; and where such an act takes away the property of a citizen or interferes with his personal liberty, it is the province of the courts to determine whether it is really an appropriate measure for the promotion of the comfort, safety and welfare of society.' "

In 1913, at its February term, this court decided two companion cases, the one dependent on the other. (*City of Springfield v. Richter,* 257 Ill. 578, and *City of Clinton v. Wilson,* id. 580. In the *Springfield case* the ordinance prohibited the keeping open of any place of business on Sunday, excepting hotels, eating houses, drug stores, tobacco stores, livery stables and street cars, and in the *Clinton case* the exceptions were the same except that street cars were omitted from the exceptions and barber shops added thereto. The principal opinion in these two cases

was filed in the *Clinton case* wherein the appellee was the manager of a moving picture theater. The ordinances in both cases were sustained. It was held that the operation of a picture theater constituted labor; that the power to make police regulations amounted to a general grant of power for the passing and enforcing of necessary police ordinances and that an ordinance prohibiting persons from keeping business houses open on Sunday was a proper exercise of the police power. The decision is partly based upon the following quotation from *Richmond* v. *Moore,* 107 Ill. 429: "The legislature has the sole power to prohibit every kind of secular labor or business on Sunday, or such, only as it may choose, but we have no power to prohibit any labor or business on that or any other day. We can only enforce the law as it is enacted. When the legislature shall prohibit labor, whether it shall disturb others or not, and the transaction of business or the making of contracts, we will unhesitatingly carry out the legislative will, but we can neither add to nor detract from statutes as they are enacted." This language was used in a case which held that a contract made on Sunday was not void for that reason. It was not only unnecessary to the case being decided, but in direct conflict with the established rules of law as laid down in the case of *Eden* v. *People, supra,* where it was distinctly held that not even the legislature has the power to pick and choose as to what kind of secular labor it will prohibit without reference to a proper exercise of police power. The *Clinton case* also relies for authority on *Hawthorn* v. *People,* 109 Ill. 302. This case, however, only passed on the constitutionality of an act requiring butter and cheese factories to give a bond required by the act, and its only holding was an announcement of the general rule that a law is general "not because it embraces all the governed, but that it may from its terms, when many are embraced in its provisions, embrace all others when they occupy like positions to those who are embraced." The language used in the *Hawthorn case* ap-

peared to be *apropos,* but the point decided in that case was not in any way similar to the one under consideration.

The *City of Clinton* and the *City of Springfield cases* were decided without any references at all to, and apparently with no consideration of, the earlier case of *Eden* v. *People, supra,* and there is an undoubted conflict between them. It may be said that the *Eden case* is distinguishable because there the legislature singled out one occupation,—*i. e.,* that of running a barber shop,—which was prohibited without prohibiting others. This distinction, however, is not a valid one because if exceptions are to be permitted without any direct relation to the general welfare, then such exceptions might be multiplied until but one occupation remained. It is apparent that if a general Sunday closing ordinance is to be valid under the rules laid down in the *Eden case,* the exceptions to its operation must bear some reasonable relation to the public health, safety, morals or general welfare, and this relationship must be such as to bear the scrutiny of the courts on a review to determine its reasonableness. *City of Lake View* v. *Tate, supra.*

A reference to various annotations will disclose that decisions on this troublesome question have been nearly as varied as the ordinances under consideration and it is possible to find language of courts and decisions sustaining almost any view one may care to take of the subject. Certain language of the United States Supreme Court tends to sustain the conclusion which we have arrived at, (*Gulf, Colorado and Sante Fe Railway Co.* v. *Ellis,* 165 U. S. 150,) but the facts in that case are not in point and in the time we have been able to devote to the matter we have found no authoritative decision by that court which would control the case at bar. For these reasons we will refrain from any attempt at reviewing the numerous and irreconcilable decisions of other courts.

We have always held that an act which has no tendency to affect or endanger the public in connection with

health, safety, morals, or general welfare and which is entirely innocent in character, is not within the police power. (*Schiller Piano Co.* v. *Illinois Northern Utilities Co.* 288 Ill. 580; *City of Chicago* v. *Netcher,* 183 id. 104; *Eden* v. *People, supra.*) If it be conceded that the general welfare is served by requiring one day of rest in each seven days, excepting only works of charity and necessity, the ordinance we are considering fails to attain this purpose. No reason is suggested and we can think of none why the shop of a dressmaker or milliner should be required to close while the cigar store remains open. None is apparent why a dry goods store should be required to close when a newsstand continues to operate. We do not see where the public welfare is served by closing the grocery store and allowing a confectionary store to remain open, nor in closing a notions store while a drug store next door which sells notions is permitted to operate. Under this ordinance a bakery which sells bread must be closed but a shoe-shining shop which sells cigars and newspaper is unaffected. A motion picture theater with its mechanical acting and mechanical music may run, while a legitimate theater with human actors and musicians must refrain from operation. These distinctions appear to us to be entirely arbitrary, without relation to the public health, safety, morals or welfare. This court has repeatedly announced the rule to be that liberty, as that term is used in the constitution, means not only freedom of citizens from servitude and restraint, but is deemed to embrace the right of every man to be free in the use of his powers, faculties and property and to adopt and pursue and employ these things in such lawful way as he may choose, subject only to such restraints as are necessary to secure the common welfare. *Eden* v. *People, supra; Braceville Coal Co.* v. *People,* 147 Ill. 66.

Upon full consideration, we are of opinion that we should adhere to the salutary principles laid down in *Eden* v. *People, supra,* and the cases therein cited, and that in so

far as the cases of the *City of Springfield* v. *Richter, supra,* and *City of Clinton* v. *Wilson, supra,* are in conflict with this result, they will and must be overruled. It is our opinion that the ordinance in question is arbitrary and discriminatory and not a proper exercise of the police power, and is, therefore, void.

The judgment of the circuit court of Jefferson county is reversed.

*Judgment reversed.*