36 So.2d 297

## CITY OF BIRMINGHAM v. ALLEN.
### 6 Div. 667.

Supreme Court of Alabama.
June 24, 1948.

Rehearing Denied July 31, 1948.

Graham, Bibb, Wingo & Foster, of Birmingham, for appellant.

Gibson & Hewitt, of Birmingham, for appellee.

STAKELY, Justice.

This is an appeal from a decree of the equity court overruling the demurrer to a bill in equity. The allegations of the bill which need to be here considered, show in substance the following.

Appellee is a master plumber, as defined in § 119, Title 62, Code of 1940. He is engaged in such business in the City of Birmingham and is duly qualified and licensed by the Board of Plumbers of the State of Alabama and by the City of Birmingham. On to wit, March 18, 1947, a Municipal Plumbing Code was adopted by Ordinance 581F of the City of Birmingham. Section 22 of said Municipal Plumbing Code provides as follows: "Sec. 22: Certified Plumbers Only May Do Plumbing Work. It shall be unlawful for any person other than a certified master, journeyman, or registered plumber apprentice in the employ and under the supervision of a certified master plumber or journeyman plumber, to install, alter, repair or make any connection with any water supply or water distributing pipe, sewer, drain, soil, waste or vent pipe or with any pipe connected therewith, or to enter any waste pipe, soil pipe or house drain, by fracture for rodding purposes or otherwise, within or in connection with any residence or building; provided, however, that nothing herein contained shall make it unlawful for certified gas fittters to install not exceeding ten (10) feet of water pipe in connection with the replacement of any gas appliance."

Section 29 of said Municipal Plumbing Code provides as follows: "Sec. 29: Definitions Of Terms Used In This Code:

"Plumbing: Plumbing, in its broadest sense, is the science of creating and main-

taining sanitary conditions in buildings where people live, work or assemble, by providing permanent means for a supply of safe, pure and wholesome water, ample in volume for drinking, cooking, bathing, washing and cleaning and to cleanse all waste receptacles and like means for *receiption* and speedy and complete removal from the premises of all fluid or semi-fluid organic waste and other impurities incident to human life and occupation. Plumbing, in a mechanical sense, is the art of installing in a building the pipes to provide the water supply, apparatus for its control and handling, fixtures, and appliances to receive wastes or surplus water, the soil waste, drain and sewerage system for removing the waste or surplus water, traps, to prevent sewer air from entering the occupied portion of the building, ventilating pipes to protect the trap seals and provide for a cleansing circulation of air throughout the plumbing system, leaders and roof, court and area rainwater drainage system. It includes extensions of the water supply distributing system for fire-fighting or mechanical purposes, and where no street or private sewer exists, it includes the means of sewage disposal. Generally all work usually and customarily done by plumbers; provided, however, that nothing herein contained shall make it unlawful for certified gas fitters to install not exceeding ten (10) feet of water pipe in connection with the replacement of any gas appliance."

Appellee and others similarly qualified and licensed as master and journeymen plumbers in the City of Birmingham have property and pecuniary rights which will be and are detrimentally affected by the above quoted proviso, in that they earn their living as plumbers in said city. Appellee and other resident citizens of the city are detrimentally affected by the adoption and operation of said proviso in that the proviso attempts to legalize installation of water pipe by persons not qualified or licensed so to do, "same constituting a menace to public health and safety". With knowledge and approval of the appellant, its commissioners and employees having the duty to enforce the laws of the State of Alabama defining and regulating plumbing,

installations of water pipe have been made and installations of water pipe are continuing to be made contrary to the laws of the State of Alabama defining and regulating plumbing on many and divers occasions by certified gas fitters who are not and at the time of installations were not, qualified or licensed as master or journeymen plumbers under the laws of the State of Alabama. .

An actionable controversy is alleged to exist between appellant and appellee. The prayer of the bill is for a declaratory judgment declaring invalid the quoted provision which is as follows: "Provided, however, that nothing herein contained shall make it unlawful for certified gas fitters to install not exceeding ten (10) feet of water pipe in connection with the replacement of any gas appliance."

Counsel appear to agree that two questions are presented on this appeal, (1) the right of appellee to question the validity of the proviso set forth above contained in Sections 22 and 29 of the Municipal Plumbing Code relating to the installation of water pipe by gas fitters and (2) the validity of the proviso.

According to § 157, Title 7, Code of 1940, any person "whose rights, status or other legal relations are affected by * * * municipal ordinance * * *, may have determined any question of construction or validity arising under the * * * ordinance * * * and obtain a declaration of rights, status, or other legal relations thereunder." The bill alleges in substance that complainant is a resident citizen and taxpayer of the City of Birmingham and is a master plumber as defined by § 119, Title 62, Code of 1940, and that he is duly authorized, qualified and licensed by the Board of Plumbers of the state and by the municipality to engage in such occupation.

There is no doubt that the occupation of a plumber is connected with the public health and as such is a proper subject for police regulation. In recognition of this fact the legislature adopted the Plumbing Code (§ 115 et seq., Title 62, Code of 1940). The occupation being connected with the public health and safety, the legislature has seen fit to forbid all but those

qualified by experience, examination and license from engaging in the occupation within the localities defined in §§ 115 and 127, Title 62, Code of 1940. It is common knowledge that an improper installation of plumbing might endanger the lives or health of a community, because for example a waste line might be connected with a freshwater line. It seems to us that complainant as a resident citizen has an interest in the proper installation of plumbing within the community and since his livelihood is dependent on an occupation for which he is fitted and has qualified himself as contrasted with others who are not so qualified and fitted, he has a pecuniary interest in seeing to it that those not qualified and fitted be excluded. We think the complainant has the right to question the proviso in the ordinance.

This brings us to the validity of the proviso. The power and authority of municipal corporations to adopt ordinances is found in § 455, Title 37, Code of 1940. Municipal corporations are empowered to adopt ordinances not inconsistent with the laws of the state for the purposes set forth in the statute, which include ordinances designed to promote the public health and safety. As we have shown, an ordinance relating to the occupation of plumbing is related to the public health and safety. Spear v. Ward, 199 Ala. 105, 74 So. 27.

The policy of the state is found in the State Plumbing Code as enacted by the legislature (§ 115 et seq., Title 62, Code of 1940) and as interpreted by this court. Marcet v. Board of Plumbers etc., 249 Ala. 48, 29 So.2d 333; State v. Lutz, 226 Ala. 497, 147 So. 429. We set out § 127, Title 62, Code of 1940. "It shall be unlawful for any person to do or perform, or to contract, direct or superintend any plumbing done within any incorporated town, village, city in any such county in the State of Alabama unless regularly licensed so to do as provided by this subdivision."

The foregoing policy appears to be to prohibit in any city in certain counties including Jefferson County (§ 115, Title 62, Code of 1940) the installation of plumbing by any one other than those qualified by experience, examination and license as provided by the statutes. Punishment for violation of the statute is provided by § 128, Title 62, Code of 1940.

It seems to us that the proviso in the ordinance is plainly an effort by indirection to sanction the installation of plumbing in the City of Birmingham by a class prohibited so to do by the state law. The proviso thus interpreted is inconsistent with the general policy of the state, as especially applied to Jefferson County, and for this reason cannot stand. City of Tuscaloosa v. Hanly, 227 Ala. 513, 150 So. 499; Ward et al. v. Markstein, 196 Ala. 209, 72 So. 41; Williamson v. City of Anniston, 215 Ala. 532, 112 So. 109; Code of 1940, Title 37, § 455; Dillon on Municipal Corporations (5th Ed.) Vol. 2, p. 601; 42 C.J. pp. 633, 634. The invalidity of the proviso, however, will not affect the balance of the ordinance since the improper proviso can be clearly distinguished and separated from the rest of the provisions of the ordinance. Ex parte Bizzell, 112 Ala. 210, 21 So. 371; 37 Am.Jur. p. 793; 43 C.J. p. 547.

We do not consider that Adler v. Martin, 179 Ala. 97, 59 So. 597, is contrary to the views here expressed. In that case it was held that the state law did not forbid the municipality from enacting the ordinance there involved and therefore there was no inconsistency between the state law and the ordinance. 42 C.J. pp. 634-635. The situation here, apart from the express application of the state law to any city in Jefferson County, is illustrated by the case of Levering et al. v. Williams, 134 Md. 48, 106 A. 176, 4 A.L.R. 374. There the portion of the ordinance under fire commences, "Nothing in this ordinance, however, shall be construed as prohibiting or penalizing the playing in the public parks * * * on Sunday of the games, of baseball, * * *." The court did not hold that such language merely evidenced the intention of the municipality not to legislate upon the particular phase of the subject, but held such ordinance to be inconsistent with and contrary to the state law, which in effect prohibited professional baseball on Sunday. The court quoted from what is now a part of 43 C.J. § 219,

p. 217, as follows, "Ordinances which assume directly or indirectly to permit acts or occupations which the state statutes prohibit * * * are * * * uniformly declared to be null and void." See also Almerigotti v. Jarvis, 95 Fla. 914, 117 So. 793.

We conclude that the court acted correctly in overruling the demurrer.

Affirmed.

All the Justices concur except LAW-SON, J., who dissents.