109 So.2d 836

**PHENIX CITY**

v.

**James E. PUTNAM.**

**4 Div. 979.**

Supreme Court of Alabama.

March 12, 1959.

Griffin & Wilson, Birmingham, for petitioner.

MacDonald Gallion, Atty. Gen., and John F. Proctor, Asst. Atty. Gen., opposed.

Roy L. Smith, Phenix City, for appellant.

J. Pelham Ferrell, Phenix City, for appellee.

MERRILL, Justice.

Appellee was convicted of violating an ordinance of the City of Phenix City and was fined $5 and costs. He appealed to the circuit court where a demurrer was filed to the city's complaint. Appellee filed his answer without waiving the ruling on the demurrer. The trial court sustained the demurrer and acquitted and discharged the defendant on the ground that the ordinance was void. The city appeals.

The ordinance required a registration of private automobiles which use the streets of Phenix City and fixed the registration fee at $5. The reporter will include the ordinance in the report of the case.

It is obvious and apparent that the ordinance adds an additional registration fee to that required by state law. Tit. 51, § 711, reads:

"The registration fee or license tax herein required to be paid on motor vehicles shall be in lieu of all other privilege or license taxes which the state, or any county or municipality thereof might impose, where the motor vehicle is used by the owner. Provided further, that only one of such license tax can be levied and collected on one

and the same motor vehicle for one and the same period of time; provided further, that incorporated cities and towns are hereby authorized to collect a reasonable license or privilege tax on motor vehicles used for carrying passengers or freight for hire."

There has been no legislative authority granted to appellant to add a registration fee as was the case with reference to the extra $5 fee charged by Lauderdale County. See Opinion of the Justices, 266 Ala. 363, 96 So.2d 634.

■ Municipal corporations may exercise only such powers as are expressly granted to them by the Legislature or necessarily implied in or incident to the powers expressly conferred, and those indispensably necessary to the accomplishment of the objects of the municipality. Personnel Board of Mobile County v. City of Mobile, 264 Ala. 56, 84 So.2d 365; Colvin v. Ward, 189 Ala. 198, 66 So. 98.

■ A municipal ordinance inconsistent with the general policy of the state, as declared in its general legislation, is void unless expressly authorized by the Legislature. Ward v. Markstein, 196 Ala. 209, 72 So. 41; Williamson v. City of Anniston, 215 Ala. 532, 112 So. 109; City of Tuscaloosa v. Hanly, 227 Ala. 513, 150 So. 499; City of Birmingham v. Allen, 251 Ala. 198, 36 So.2d 297.

The case of City of Birmingham v. Bergreen, 18 Ala.App. 636, 94 So. 195, is in point. There, an ordinance imposing a $1 registration fee on automobiles was held invalid because it was in conflict with the statute. We denied certiorari, Ex parte City of Birmingham, 208 Ala. 697, 94 So. 921.

It follows that the ordinance is invalid because it conflicts with the general law of the state, and the judgment of the lower court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.