(82 South. 660)

WARD, President of Board of Revenue and Road Com'rs, v. STATE ex rel. GOLDSMITH. (1 Div. 297.)

(Court of Appeals of Alabama. April 8, 1919.)

1. STATUTES ⬡⟿184—CONSTRUCTION.

In construing a statute it is necessary to consider the defect aimed at, the remedy provided, and the reason for the remedy.

2. SHERIFFS AND CONSTABLES ⬡⟿24—BAILIFFS—APPOINTMENT.

Acts 1915, p. 707, requiring sheriff to summon bailiffs when judge certifies they are actually necessary, allows sheriff no discretion, and leaves appointment of bailiffs solely to court's discretion.

3. SHERIFFS AND CONSTABLES ⬡⟿24—BAILIFFS—APPOINTMENT.

Under Acts 1915, p. 707, requiring sheriff to summon bailiffs when judge certifies they are actually necessary, minute entries by court, directing sheriff to summon bailiffs, *held* a sufficient compliance with statute in connection with a subsequent certified statement by court that service of bailiffs was actually necessary.

4. OFFICERS ⬡⟿55(2)—HOLDING TWO OFFICES—VACANCIES.

A deputy sheriff's acceptance of an appointment as bailiff automatically vacated the office of deputy sheriff if that be considered an office within Const. § 280, prohibiting persons from holding two offices of profit at the same time.

5. COUNTIES ⬡⟿197—CLAIMS — BAILIFFS — COMPENSATION.

Under Acts 1915, p. 707, fixing the compensation of certain bailiffs, it is unnecessary for such bailiffs to present a salary claim to the board of revenue and road commissioners for audit and allowance, since the commissioners are powerless to increase or decrease the statutory compensation.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Mandamus by the State, at the relation of M. I. Goldsmith, against A. G. Ward, as President of the Board of Revenue and Road Commissioners of Mobile County. From a judgment awarding a peremptory writ, the defendant appeals. Affirmed.

Certiorari denied, 203 Ala. 306, 82 South. 662.

Gordon & Edington, of Mobile, for appellant.

Stevens, McCorvey & McLeod, of Mobile, for appellee.

---

⬡⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

BRICKEN, J. This is an appeal from a judgment of the circuit court of Mobile county, awarding a peremptory writ of mandamus, requiring appellant to draw a warrant upon the county treasurer of Mobile county in favor of appellee.

The petition for the writ and the answer thereto set out all the facts relating to the issues involved here. In 1915 the Legislature passed an act amending sections 3264 and 3265 and repealing section 6647 of the Code of 1907 (Acts 1915, p. 707). Upon this act petitioner bases his claim for the writ prayed for. By the terms of this act the sheriff of Mobile county is required to summon not more than two bailiffs "to serve in every court, or division, in which cases are being tried by a jury, when the judge thereof certifies that such bailiff or bailiffs are actually necessary." The compensation of such a bailiff is fixed at $1,000 per annum, payable in monthly installments out of the county treasury upon the warrant of the president of the board of revenue.

Upon the organization of the circuit court of Mobile county, the following order was made and entered upon the minutes of the court:

"It is ordered and directed by the presiding judge and the associate judges of this court that the sheriff summon two persons to serve as bailiffs before each judge or division of this court."

The sheriff of Mobile county thereupon summoned and appointed the appellee, Goldsmith, as bailiff in one of the three divisions of the circuit court of Mobile county. The petitioner has served as such bailiff for 11 months under the provisions of the act referred to, and insists that the county owes him $916.63. Prior to filing his petition, Goldsmith demanded in writing that the appellee draw a warrant upon the county treasurer of Mobile county for this sum. To this written demand made upon the appellant was attached a certificate of the presiding judge of the court, dated December 20, 1917, in which it was stated that Goldsmith had actually attended "the said court during the said period, and that the service of the said M. I. Goldsmith, as such bailiff during said period, was actually necessary," and that two bailiffs were actually necessary in each of the three divisions of the court, and that each division of the court was actually engaged in trying jury cases between two and three weeks of each month for the time covered by Goldsmith's claim. There was also attached to this written demand a verified statement of the sheriff of Mobile county, showing that Goldsmith had actually served as bailiff under his appointment for a period of 11 months.

In answering the petition, after demurrers to the same had been overruled, the respondent averred that the demand of petitioner had never been presented to the board of revenue and road commissioners of Mobile county for its action, and that at the time of being summoned as such bailiff, Goldsmith was a duly appointed deputy sheriff of Mobile county, "acting as such deputy sheriff and drawing a salary therefor, and it was there agreed between the said Goldsmith and the sheriff of Mobile county that he should continue as such deputy sheriff and receive compensation therefor, and that ever since being so summoned to serve as such bailiff the petitioner has continued as a deputy sheriff, and to draw a salary therefor, and had also acted as bailiff in other courts in Mobile county, and for which services as such bailiff the county of Mobile had paid." Demurrers to this answer were sustained.

The leading question raised by the record is to determine the meaning of the provisions of the act of the Legislature, supra, upon which Goldsmith bases his claim for compensation. This act authorizes the employment of two bailiffs to serve in each division of the circuit court of Mobile, in which cases are being tried by a jury, when the judge thereof certifies that such bailiff or bailiffs are actually necessary.

[1] In arriving at the meaning of an act of the Legislature, it is necessary to consider the mischief or defect aimed at by the Legislature, the remedy provided to meet the defect, and the reason of the remedy. Southern Express Co. v. Brickman, 187 Ala. 637, 65 South. 954.

[2] Before summoning such bailiff or bailiffs under this act, the Legislature intended that the judges of the court should judicially ascertain their necessity. No discretion was allowed the sheriff in this matter, and the employment of a bailiff was left absolutely to the judgment of the court. The Legislature prescribed no form for this certificate, and left it to the judge to adopt whatever form might to him appear proper.

[3] The minute entry made by the judges of the circuit court was a direction to the sheriff with which the sheriff might not refuse to comply, except by rendering himself liable for contempt. The entry made by the court did not follow the very words of the act, but was unquestionably founded upon the ascertainment by the court that there existed for the orderly and dignified conduct of the business of the court the necessity of the presence and service of two bailiffs. Unless we indulge this presumption we convict the judges of doing a foolish and unnecessary thing. This entry was at least a colorable compliance with the terms of the act of the Legislature. It was not such a judicial act as might be ignored; it was at least a voidable act, and one which the court might at any time correct, if corrections were essential to its validity, by inserting the

identical words of the act of the Legislature. Keeping in mind, therefore, the object and intention of the Legislature in placing the responsibility of the employment of the bailiff upon the judge, and construing this provision under consideration in the light of this object and intention, we conclude that the recital in the minutes of the court set out in this record, taken in connection with the statement of the presiding judge made subsequently, is a full and substantial compliance with the act of the Legislature, and leaves no doubt that Goldsmith acted as bailiff under and by virtue of the act of 1915. Farmer v. Wilson, 34 Ala. 75.

[4] It is contended by the appellant that Goldsmith's appointment was void for the reason that he was deputy sheriff at the time of his appointment, and that he continued to act as deputy sheriff during the time he served as bailiff. Section 280 of the Constitution prohibits a person from holding two offices of profit at one and the same time in this state. A deputy sheriff is a general agent for the sheriff, and in many respects has powers coextensive with those of the sheriff. When serving process he is undoubtedly an officer of the state. In another sense a deputy sheriff is a mere employé of the sheriff, enjoys no tenure of office, and may be dismissed at the pleasure of the sheriff. We are by no means prepared to hold that a deputy sheriff is an officer within the sense and meaning of section 280 of the Constitution. However, it is not necessary to decide this point, inasmuch as the acceptance by Goldsmith of the appointment as bailiff ipso facto operated to vacate the office of deputy sheriff, if section 280 of the Constitution be construed to apply to a deputy sheriff. Mann v. Darden et al., 171 Ala. 142, 54 South. 504.

[5] The compensation of Goldsmith was fixed by the act of the Legislature under which he was appointed, and this being so, it was not necessary for him to present his claim for audit and allowance. It was a claim which the board of revenue and road commissioners had no right to add to or to take from. State ex rel. City of Mobile v. Board of Revenue and Road Commissioners, 180 Ala. 519, 61 South. 814.

Affirmed.