199 So. 539

## JONES v. JOHNSON, Tax Assessor.

### 6 Div. 698.

Supreme Court of Alabama.

Jan. 2, 1941.

Exum & Whitmire, of Birmingham, for appellant.

Clarence Mullins, Co. Atty., of Birmingham, Thos. S. Lawson, Atty. Gen., and Silas C. Garrett, III, Asst. Atty. Gen., for appellee.

BOULDIN, Justice.

The legal questions presented in this cause are these:

First. To obtain the benefit of the exemption of the homestead from State ad valorem taxes, must the taxpayer, in his return, disclose the realty constituting the homestead, or otherwise make claim to his tax exemption thereon?

Second. If so, within what time shall such exemption be claimed?

Third. Does the same rule apply to taxpayers in Jefferson County, where the Unit Rule of Assessment is operative?

The homestead tax exemption statute is quite brief. The pertinent section reads: "Homesteads, as herein defined, are hereby exempted from all State ad valorem taxes beginning October 1, 1937." General Acts Special Session, 1936–7, p. 113. Approved February 20, 1937.

The homestead therein defined, the same as the homestead exempt by law from the payment of debts, save that the assessed value, rather than the full value, shall not exceed $2,000. Such homestead may consist of one tract or parcel within the limits of area and value exempt; but may be, and often is, a part of a larger tract in area or value, or may be a part of the value of residence property in city or town. In any case it must be the place of residence of the taxpayer. Clearly to get the benefit of such exemption without losing the revenue from ad valorem taxes on real estate not exempt, requires administrative procedure to identify the homestead and segregate it from taxable real estate. The law making body must be taken to have been fully informed of these conditions. But no administrative provisions whatever were incorporated in the exemption statute involved. This leads to the natural inference that the Legislature deemed the existing system of ad-

ministrative law touching properties exempt from taxes to be adequate.

Certain classes of personal property had long been exempt. The law required the taxpayer's return of his property to the tax assessor to show the items claimed as exempt, and declared "that no property omitted from said return shall be exempted." General Revenue Law, 1935, section 33, Gen.Acts 1935, pp. 275, 276.

The same law provides: "The land and improvements thereon must be separately listed." General Revenue Law, 1935, section 31.

At the Extra Session of 1936, the same legislators who later passed the homestead tax exemption statute, amended the above clause of Section 31 so as to read: "The land and improvements thereon, *and homesteads,* must be separately listed and valued." Acts Extra Session 1936, p. 4. (Italics supplied.)

The insertion of "Homesteads" seems to have been in anticipation of the homestead exemption statute. Any other reason for requiring it to be separately listed. does not appear. In any event, the general law in force when the exemption statute was enacted provided for a separate listing and valuation of the homestead in the taxpayer's return to the assessor. Moreover, this court had recently considered a statute exempting property, including real estate, from taxation where the income therefrom was devoted exclusively to specified school purposes. State v. Alabama Educational Foundation, 231 Ala. 11, 163 So. 527, 532.

The statute there considered (Gen.Acts 1927, p. 564), like that here involved, peremptorily declared such property exempt, and contained no administrative provisions.

Dealing with such omission this court held: "But we think it is clear that the right to such exemption is one which the taxpayer who owns the property must claim with each annual assessment of his property."

In Re Opinions of Justices, 234 Ala. 358, 175 So. 690, 693, we responded to an inquiry whether Section 100 of the Constitution prevented the homestead tax exemption from being effective as to taxes assessed for the current year, to become payable October 1, 1937.

We held: "The question being dealt with, and the state revenue system, and its administration affected by the act, are to be taken in pari materia."

Without further comment we think it clear the law requires the taxpayer in his return from year to year to list the homestead separately thus disclosing the lands claimed as exempt from State ad valorem taxes, and in the absence of such claim in the return or by supplementary return, the exemption is lost.

Administrative officers owe no duty to discover and exempt the homestead of the taxpayers from year to year.

When must the claim for exemption of the homestead from State ad valorem taxes be made? The exemption statute having been approved February 20, 1937, after the expiration of the time within which the taxpayer was under legal duty to make his tax return for the current tax year, a question promptly arose as to making available the exemption for that year, as held In re Opinions of Justices, supra.

The Attorney General, the legal adviser of the taxing authorities, rendered opinions to the effect that the taxpayer was required to make claim for this exemption in the nature of an amendment to his return, but no date being fixed by law for making the claim for that year, a rather liberal rule as to time was devised. Vol. LX, Quarterly Report of Attorney General, p. 10; Id. p. 40.

The current year having passed, the question arose as to when the Homestead Tax Exemption should be claimed for subsequent years.

The law directs the taxpayer to attend and make return to the assessor on the day appointed for his precinct. Revenue Law, 1935, Section 31, (Amd. 1936, supra). If he does not then, nor at any time *up* to December 31, make his return, the tax assessor is required to make demand therefor. Revenue Law 1935, section 41. If a return is not made on or before the third Monday in January, following such demand, the tax assessor is required to make a return on information obtained by him. A penalty is imposed for not making a return after notice and demand. Revenue Law 1935, section 44.

On January 5, 1938, the Attorney General, in response to an inquiry from the State Comptroller, gave his official opinion to the effect that in view of statutes we have noted the tax exemption on homesteads must be claimed on or before the

third Monday in January of the current year. This has been the administrative rule for the tax years 1937–38, 1938–39, and 1939–40.

It is to be observed this administrative interpretation of the law concerns the tax burden of every taxpayer in the State owning his homestead. This gives emphasis to the rule that the administrative construction given by the highest officials charged with the duty of administration of tax laws should be given favorable consideration by the courts especially if such construction has stood unchallenged for considerable time. State et al. v. Tuscaloosa Building & Loan Ass'n, 230 Ala. 476, 161 So. 530, 99 A.L.R. 1019, and cases cited.

Since this administrative rule became operative throughout the State the Legislature of 1939 convened in regular session. This Legislature, by Act approved September 15, 1939, re-enacted the statute exempting homesteads from State ad valorem taxes without change. Gen.Acts 1939, p. 702. The rule of legislative approval of administrative construction applies. State v. H. M. Hobbie Grocery Co., 225 Ala. 151, 142 So. 46; Alabama Public Service Commission v. Jones, 236 Ala. 370, 182 So. 452.

We conclude the benefit of this homestead tax exemption statute, under the present state of the law, is lost, unless claimed each year by the taxpayer on or before the third Monday in January of the current tax year.

Does the same rule apply to counties in which the Unit of Assessment Law is operative?

This statute "To provide for a more economical, convenient and uniform system of assessing and collecting taxes on real estate, including the enforcement of tax liens" in counties of large population, was approved April 21, 1936. Acts Extra Session 1936, p. 205.

By amendment it has present application only in Jefferson County. Acts Extra Session 1936–7, p. 34. Broadly speaking it looks to relieving the taxpayers and the tax assessor in such populous county from making a full return of all real estate for taxation each year.

Passed before any tax exemptions on homesteads was allowed by law, this act naturally contained no administrative provisions on the subject.

In Dearborn v. Johnson et al., 234 Ala. 84, 173 So. 864, 868, upholding the constitutionality of the Unit of Assessment Act, supra, this court had occasion to observe: "The act here in question only repeals so much of the general Revenue Code as conflicts therewith, leaving unaffected those applicable provisions not specifically treated. The act is in fact auxiliary to the Revenue Code." This decision was rendered April 15, 1937.

In the opinion of the Attorney General of January 5, 1938, above noted, he also responded to the inquiry of the State Comptroller as to whether the same rule touching the final date for claiming homestead exemptions in other counties applied also to Jefferson County. He held the same rule does apply. Quarterly Report Attorney General, Vol. X, p. 27. Granting that taxpayers in Jefferson County must claim the homestead exemption from year to year, it is difficult to see why the same time limit does not apply.

Be this as it may, the Legislature of 1939, while reenacting the homestead tax exemption statute without change, did amend the Unit of Assessment Statute applicable in Jefferson County by adding to Section 6 the following: "Any person entitled to a homestead exemption shall be credited with said exemption upon properly filling out a claim for said exemption upon forms required by the Tax Assessor. It shall be the duty of the Tax Assessor to prepare and have furnished proper forms for the claim of homestead exemptions." General Acts 1939, p. 830.

This amendment clearly requiring the taxpayer to file a special instrument claiming his exemption, but making no provision as to time for filing such claim, must be taken as a legislative approval of the administrative rule then operative in that county.

Affirmed.

GARDNER, C. J., and FOSTER and KNIGHT, JJ., concur.