4 So.2d 412

**COLE et al. v. GULLATT, Judge.**

**4 Div. 226.**

Supreme Court of Alabama.

Oct. 30, 1941.

J. W. Brassell, of Phenix City, for appellants.

670

Roy L. Smith, of Phenix City, for appellee.

THOMAS, Justice.

The question for decision is stated in appellants' motion to reinstate the injunction. The allegations of the petition, among other things, are:

"1. For that this cause is filed for the protection of Russell County's revenue and prays a construction of Title 51, Section 713, of the Code of Alabama of 1940, which gives to Russell County twenty (20%) per cent of the monies collected as motor vehicle and trailer license taxes, i. e., 'if the owner of a motor vehicle does not reside in an incorporated city or town then eighty (80%) per cent shall go to the State and twenty (20%) per cent to the County in which the owner of the motor vehicle resides. * * *.'

"2. For that Russell County, unless said injunction is reinstated by this Honorable Court, will suffer an irreparable loss in its revenues."

The provisions of the statute, Code 1940, Tit. 51, § 713, page 1018, are: "The money collected as motor vehicle and trailer license taxes, less all the expense necessary for the purchase and delivery of the motor vehicle tags required by this article, the purchase and delivery of the blank receipts, license blanks and other printing necessary in the licensing and taxing of motor vehicles, and the salary of officers or employees engaged in such department, together with all other necessary expenses for the enforcement of this article, shall be distributed as fol-

lows: Seventy percent to the state and thirty percent to the incorporated city or town in which the *owner of the motor vehicle resides*. All amounts of motor vehicle and trailer license taxes received by a city or town hereunder in excess of twenty percent of such motor vehicle and trailer license taxes shall be used exclusively for the construction, improvement and maintenance of highways or streets and administrative expenses in connection therewith, including the retirement of bonds for the payment of which such revenues may have been pledged, and for no other purposes. If the owner of a motor vehicle does not reside in an incorporated city or town, then eighty percent shall go to the state and *twenty percent to the county in which the owner of the motor vehicle resides*. The money collected as motor vehicle license taxes by the state, less salaries and expenses, shall be used exclusively to create a sinking fund for the prompt and faithful payments of the principal and interest on good road bonds and for construction, maintenance and as required under provisions of Article XX of the Constitution of Alabama. (Ib.; 1939, p. 518.)" [Italics supplied.]

The prayer of the "motion to reinstate injunction" is: "Complainants pray that this Honorable Court or one of the Justices thereof make and enter an order directing the reinstatement of the injunction pending a construction by an appeal to this Honorable Court of Title 51, Section 713, of the Code of Alabama 1940. And if complainants be mistaken herein prayed for in the said motion, they pray for such other, further, and general relief as they may be entitled to under the law and rules of this Honorable Court."

The solicitor for respondent Judge of Probate, among other things, moved for a dissolution of the temporary writ of injunction on grounds that:

"* * * there is no equity in the bill.
"* * * it affirmatively appears on the face of the bill that the complainants are not entitled to the relief prayed for in said bill of complaint."
and say in answer:

"* * * this Respondent admits that motor vehicle and trailer license taxes, represented by motor vehicle and trailer tags, required by law to be paid by the owners of such motor vehicles and trailers, who reside in, or are inhabitants of

Russell County, or who habitually use said motor vehicles and trailers in the conduct of any business in said County, are collected by the Judge of Probate of said County. The remainder of said paragraph is respectfully denied.

"Further answering said paragraph 3 the Respondent avers that the County of Russell is entitled to receive only twenty per cent. of the amount of money collected by the Judge of Probate as motor vehicle and trailer license taxes, less the necessary expenses as provided by law, in cases where the owners of such motor vehicles do not reside in any incorporated city or town, but that if the owners of such motor vehicles or trailers reside in an incorporated city or town the County is not entitled to receive any portion of such motor vehicle or license taxes, in such case the incorporated city or town in which the owners reside being entitled to thirty per cent. of such motor vehicle license taxes and the State of Alabama seventy per cent. of the same.

"Further answering, this Respondent avers that he has never withheld or intended to withhold and pay to anyone else any portion of the money collected by him from the sale of motor vehicle and trailer license tags to which the County of Russell is legally entitled and avers further that there are certain taxi cab companies who are domiciled in the City of Columbus, Georgia, and the Columbus Transportation Company, a Corporation, with its principal place of business in the City of Columbus, Georgia, who are not domiciled in and who are not residents of Russell County, Alabama, and which said companies are engaged in the business of carrying passengers for hire over and upon the streets of the City of Phenix City, Alabama, and that the operations of said companies are confined exclusively to the limits of said City, and that under the laws of said State and under an opinion of the Attorney General of the State of Alabama rendered in said cause, the City of Phenix City, Alabama, is entitled to receive thirty per cent. of the amount received by him from the sale of license tags to said Columbus Transportation and said taxi cab companies who use the streets of said City, less the necessary expenses of collection, as provided by law, and which said sum it is the duty of this Respondent to pay to said City of Phenix City."

Such are the respective contentions of the parties in the pleadings that present to this court for construction the statute as applied to the facts on which the trial court acted.

The case was tried on an agreed statement of facts as stated in brief and oral argument. It is as follows: "The only issue for determination by the Court in this cause is the legal distribution by the Judge of Probate of Russell County, Alabama, of the proceeds derived from the sale of motor vehicle licenses to the Columbus Transportation Company for its busses which transport passengers for hire within the limits of the cities of Columbus, Georgia, and Phenix City, Alabama, and of proceeds derived from the sale of motor vehicle licenses to the owners of various taxi cabs which operate from the City of Columbus, Georgia, and carry passengers for hire over and upon the streets of the City of Phenix City, Alabama. The operations of the busses of the Columbus Transportation Company in Alabama are confined exclusively to the streets of the City of Phenix City, Alabama. The taxi cabs involved in this litigation are what are known as 'Dime Taxi Cabs.' These cabs transport passengers to and from points within the limits of the cities of Columbus, Georgia, and Phenix City, Alabama, Columbus and Phenix City being, as this Court judicially knows, adjoining border towns. These cabs may, and no doubt sometimes do, go beyond the limits of the City of Phenix City. However, it is admitted that by far the greater portion of their operations are confined to the streets of said cities."

The rules of statutory construction are understood. In City of Birmingham v. Bergreen, 18 Ala.App. 636, 94 So. 195, 197, it is said:

" 'When the Legislature speaks and uses plain language, which cannot be changed or warped from its plain and ordinary meaning, except when a different or narrower meaning is necessary to avoid absurdity or calamity, courts are no more at liberty to misunderstand the commands which the language imports than a soldier is authorized to disobey lawful orders of his superior officer by taking a bypath when ordered to follow the main road.'

"See Ward v. Markstein, 196 Ala. 209, 72 So. 41."

And in Tennessee Coal, Iron & R. Co. v. State, 239 Ala. 19, 193 So. 143, it is

stated that the tax domicile of a foreign corporation may be acquired for the purpose of taxation as to tangible and intangible properties. National Dredging Co. v. State, 99 Ala. 462, 12 So. 720; Jackson Securities & Inv. Co. v. State, Ala.Sup., 2 So.2d 760.[1] See also Ex parte Bozeman, 183 Ala. 91, 99, 63 So. 201; State ex rel. Little v. Foster, 130 Ala. 154, 163, 30 So. 477; 23 Am.Jur. § 36, p. 48.

■ The rules of construction to be applied in this case are: That where the terms of a statute do not indicate with reasonable certainty their intended application to particular cases, though their general intent and application are clear, they should be given such a construction as is conducive to fairness and justice and in harmony with the general spirit and policy of the statute, rather than one offensive thereto, if such construction is reasonably consistent with the language used. Age-Herald Publishing Co. v. Huddleston, 207 Ala. 40, 92 So. 193, 37 A.L.R. 898.

■ Further rules of construction to be applied in this instance are that courts in construing a statute will give it the construction which will effectuate the purpose of the legislature in passing it (Lynn v. Broyles Furniture Co., 3 Ala.App. 634, 639, 57 So. 122); and that the intention of the legislature in enacting a law is the law itself, and must be enforced when ascertained though it may not be consistent with the strict letter of the law (J. H. Davis & Co. v. Thomas, 154 Ala. 279, 45 So. 897; City of Birmingham v. Southern Express Co., 164 Ala. 529, 537, 51 So. 159), and in construing a statute it is necessary to consider the defect aimed at, the remedy provided and the reason for such remedy. Ward v. State, 17 Ala. App. 170, 82 So. 660; Thompson v. State, 20 Ala. 54.

In the oral argument and brief the administrative construction of the statute is discussed.

■ In Jones v. Johnson, 240 Ala. 357, 199 So. 539, 542, it is declared: "It is to be observed this administrative interpretation of the law concerns the tax burden of every taxpayer in the State owning his homestead. This gives emphasis to the rule that the administrative construction given by the highest officials charged with the duty of administration of tax laws should be given favorable consideration by the courts especially if such construction has stood unchallenged for considerable time. State et al. v. Tuscaloosa Building & Loan Ass'n, 230 Ala. 476, 161 So. 530, 99 A.L.R. 1019, and cases cited."

What then does the statute mean when the context is taken into consideration and in the several uses of the words "to the incorporated city or town in which the owner of the motor vehicle resides", if such owner "does not reside in an incorporated city or town, then eighty percent shall go to the state and twenty percent to the county in which the owner of the motor vehicle resides"; and the "money collected * * * shall be used exclusively to create a sinking fund for the prompt and faithful payments of the principal and interest on good road bonds and for construction, maintenance and as required under * * * Constitution of Alabama"?

What is the commercial domicile of the Georgia corporation and taxicabs established in doing their main business and operations in Alabama?

■ We judicially know that Columbus, Georgia, and Phenix City, Alabama, are twin cities to the respective lines of the two states; that the public highway from Columbus in such point into Russell County is into and through Phenix City. The statement of facts that the respective businesses are conducted mainly into Phenix City and that some taxicabs go further into Russell County·through the corporate limits of Phenix City is a logical result of the proximity of the two cities. When the facts are reasonably interpreted and applied the main business in Alabama of said service is conducted in Phenix City, Russell County, Alabama. The tax domicile of said Georgia Corporations, in the conduct of business in Alabama, is, therefore in Phenix City, Russell County.

■■ What of the administrative construction which has prevailed and been applied under this statute and this tax domicile? It is understood that the departmental officer charged with the enforcement of this law has applied the statute to mean that the license taxes are to be distributed to the political subdivisions where the property is properly subject to taxation. This construction is in accord with the principle of taxation as

---

[1] Ante, p. 288.

expressed in National Dredging Co. v. State, 99 Ala. 462, 12 So. 720, in which case it was held that tangible property owned by a person whose domicile is in another state may, by some degree of permanency of its location, and by its becoming so incorporated with and a part of the tangible property of this state, acquire a situs for taxation purposes in this state. Tennessee Coal, Iron & R. Co. v. State, 239 Ala. 19, 193 So. 143. Thus the busses and cabs were properly taxed in Phenix City. This administrative construction is here followed. See Jones v. Johnson, 240 Ala. 357, 199 So. 539, supra and cases there cited; Quarterly Report Attorney General Vol. XXIII, p. 155.

Aside from the administrative construction, as we understand the facts, and as we have stated, the principal business done by these transportation companies in Russell County, Alabama, is in Phenix City, and they reach other parts of the county through said city. Such licensee acquired business domicile in the state by business operations in and through Phenix City. National Dredging Co. v. State, supra; Tennessee Coal, Iron & R. Co. v. State, supra. See Code of 1940, Tit. 51, § 704, which in a sense defines the word "resides" as here being dealt with.

The busses and cab company were properly taxed in Phenix City. The probate judge will distribute the tag tax moneys according to the statute and the decree of the trial court.

The decree of the circuit court is affirmed.

Affirmed.

All the Justices concur, except KNIGHT, J., not sitting.