Landowners appealed to the circuit court from a ruling of the Board of Equalization of Madison County (board).
Both parties filed motions for a summary judgment, and the supporting affidavit for each dealt solely with the issue of whether the landowners were entitled to current use valuation for their 800 acre farm for property assessment purposes pursuant to § 40-7-25.1 et seq., of the pocket parts to the Code of Alabama of 1975. The landowners attached an affidavit to their motion to the effect that application for current use valuation for their 1979 assessment was made in April, 1979. The affidavit of the county tax assessor was that the landowners made no request that their farm's 1979 tax year assessment be based upon current use until in October, 1979. The circuit court granted the board's motion for a summary judgment, hence this appeal.
Amendment number 373 to Alabama's Constitution was proclaimed ratified in November, 1978. For the purpose of ad valorem taxation, all unexempt taxable property was divided into classes, with agricultural lands being included in Class III property. Subsection (j) of the amendment provided, in part, as follows:
 Notwithstanding any other provision of this section, on and after October 1, 1978, taxable property defined in subsection (a) hereof as Class III property shall, upon application by the owner of such property, be assessed at the ratio of assessed value to the current use value of such taxable property and not the fair and reasonable market value of such property. The legislature may enact laws uniformly applicable to the state and all counties, municipalities and other taxing authorities establishing criteria and procedures for the determination of the current use value of any eligible taxable property and procedures for qualifying such property for assessment at its current use value. . . . (Emphasis supplied.) *Page 246 
Legislation establishing such procedures is codified as §40-7-25.1 et seq., supra. Generally, it is required that an owner must "not later than January 1 in any taxable year" request that his property be valued according to its current use as of October 1 in any taxable year. § 40-7-25.1 and §40-7-25.2 (a), supra. The latter code section, in particular, provides:
 Any owner of eligible taxable property described in section 40-7-25.1 may apply to have such property assessed for purposes of ad valorem taxation at the appropriate ratio of assessed value to the current use value of such property by filing a written application, in form as prescribed by the department of revenue, with the tax assessor of the county in which such property is located, on and after October 1 but not later than January 1 in any taxable year.
There is a recognizable kinship of law between the benefits afforded to farm owners as to a current use valuation and the advantages granted to taxpayers by tax exemption statutes. In either event, the owner-taxpayer must apply for such benefit or advantage. The appraisal of property for assessment purposes at its fair and reasonable market value is the rule, § 40-7-15, pocket part, Code of Alabama of 1975; and the current use valuation is the exception. § 40-7-25.1 and .2, supra. The current use valuation statutes are, therefore, construed against the taxpayer and in favor of the taxing authority. 18 Ala. Digest Taxation Key 204 (1).
The statute is clear as to the time within which requests for current use evaluation may be validly presented to the tax assessor. It means what it says. There is no ambiguity that, in order to obtain the benefits of an evaluation based upon current use of property, the owner must file the written application or request therefor not later than January 1 in any taxable year. No request was so made by these landowners prior to or on January 1, 1979. According to their supporting affidavit to their motion, they did not present such application until April, 1979, and the tax assessor's affidavit places such request even later, in October, 1979.
In any event, the landowners failed to file their request within the time specified by law, and contend that since they had not been specifically notified of and had no knowledge of either the existence or effect of Amendment 373 or of such legislation, they should be excused from making a timely request. Neither the constitution nor the statute requires that notice be given to farm owners that they may seek to have their farm land assessed according to its current use rather than upon its fair and reasonable market value.
 Administrative officers owe no duty to discover and exempt the homestead of the taxpayers from year to year.
. . . . .
 We conclude the benefit of this homestead tax exemption statute, under the present state of the law, is lost, unless claimed each year by the taxpayer on or before the third Monday in January of the current tax year.
Jones v. Johnson, 240 Ala. 357, 360-61, 199 So. 539, 542-43
(1941).
With regard to the separate motions for a summary judgment based upon the same issue with no other issue being raised in the circuit court, the following is dispositive:
 As a general rule the filing by both parties of opposing motions for summary judgment will not warrant a court's granting either party's motion if, indeed, there exists a genuine factual dispute concerning a material issue. Bricklayers Local 15 v. Stuart Plastering Co., 5 Cir. 1975, 512 F.2d 1017; Hindes v. United States, 5 Cir. 1964, 326 F.2d 150, 152. As explained in Stuart Plastering, supra, the rationale of this rule lies in the fact that each party may be basing its motion on a different legal theory dependent on a different set of material facts.
 When the parties proceed on the same legal theory and on the same material facts, however, the basis for the rule disappears. Thus, in qualifying the general rule, this Court has said: *Page 247 
 Nonetheless, cross motions may be probative of the non-existence of a factual dispute when, as here, they demonstrate a basic agreement concerning what legal theories and material facts are dispositive. Bricklayers Local 15 v. Stuart Plastering Co., 5 Cir. 1975, 512 F.2d 1017, 1023.
Schlytter v. Baker, 580 F.2d 848 (5th Cir. 1978).
Under either affidavit attached to the respective motions for a summary judgment, there was noncompliance with the time limitation specified by statute for the filing of the current use request by the landowners. The circuit court did not err in granting the board's motion for a summary judgment.
We affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975. His opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.